## EMILY M GILBERT *vs.* EDWARD J. NAGLE.

Suffolk.    March 25. — Sept. 4, 1875.    AMES & DEVENS, JJ., absent.

In an action for personal injuries sustained by falling through a trap-door in a shop, kept by the defendant for the sale of sewing machines, there was evidence that the plaintiff was to receive a commission if she effected a sale of a machine: that she came to the shop with a person whom she had procured to buy the machine, and while there went to the rear of the shop and, while examining another machine, which she had no intention of buying, fell through the trap-door and was injured. *Held*, that whether the plaintiff was a trespasser, at the time she received the injuries, was a question of fact for the jury.

TORT to recover for personal injuries sustained by reason of falling through a trap-door in the defendant's shop.   At the trial in the Superior Court before *Pitman*, J., the jury found for the plaintiff and the defendant alleged exceptions, the substance of which appears in the opinion.

*H. R. Cheney*, for the defendant.

*L. W. Howes*, for the plaintiff.

ENDICOTT, J.   It cannot be said, as matter of law upon the facts reported, that the plaintiff was a trespasser at the time she received the alleged injuries.   This is the only question submitted to us at the argument.

There was evidence that the defendant kept a shop for the sale and lease of sewing machines, and had them on exhibition to be inspected and examined by customers and visitors.   The plaintiff was properly on the premises.   She had obtained a purchaser for a machine and was to receive from the defendant a commission on the sale.   While the purchaser was completing her purchase, the plaintiff left her to examine a machine standing near the trap-door, in the rear of the shop, having at the time no intention of buying it.   She threaded it and, while endeavoring to examine the bottom of the machine, she fell into the opening and was injured.

A shop-keeper, who invites the public to his shop to inspect and purchase the wares and articles which he has on exhibition, is bound to keep his premises in a reasonably safe condition for the purposes for which they are used.   If they are not in such condition, and a person is injured thereby, while examining or purchasing his wares and while in the exercise of due care, and in

nowise transcending the license thus given to examine, the shop keeper is liable in an action for the injury. How far a visitor may touch or handle the wares exposed for sale depends upon the nature and character of the article, and the uses for which it is intended. Some articles it would be improper or unnecessary to touch; others must be examined by the hand in order to determine their quality or fitness. To what extent the visitor may exercise this privilege of examination is to be determined upon the facts of each case.

The jury were instructed, that any intermeddling with the personal property of another without his consent express or implied, is a trespass; that if the plaintiff was so intermeddling, and received the injury while doing an unauthorized act, or went into that part of the shop not apparently designed for purchasers or visitors, she could not recover, although the defendant was negligent. But it was for the jury to decide under all the circumstances presented by the evidence whether there was an implied license to the plaintiff to do what she did.

The case was properly submitted to the jury, and under instructions to which no objection was taken at the argument.

*Exceptions overruled.*