JOHN T. SEVERY *vs.* FREDERICK NICKERSON & others.

Suffolk.    March 9. — May 6, 1876.    AMES & MORTON, JJ., absent.

A laborer, employed in loading ice on board a vessel from the wharf, after finishing his work, went on board the vessel for the gratification of his curiosity, and there fell down an open hatchway and broke his leg. *Held*, that he was a mere intruder, and that the owners of the vessel were not liable for the injury.

TORT for an injury sustained by the plaintiff on board the defendants' vessel, by a fall through a hatchway left open and without proper guards or barriers. The material facts, as they appeared at the trial in this court, before *Ames*, J., were as follows:

The plaintiff was employed by his son, at the time in the employ of the Boston Ice Company, by whom the vessel was loaded, to assist in loading a quantity of ice on board the vessel. At an early hour of the day, before sunrise, and while it was quite dark, the plaintiff and his son went with a wagon load of ice to the wharf where the vessel lay, and slid the ice on board, upon the middle deck, down some planks from the wharf, through a port-hole in the vessel's side, which they opened, the plaintiff hauling the ice upon the slide and his son receiving it on board. The son, after the ice was all on board, went forward to the ice-chest; and the plaintiff after remaining a short time on the wharf, also went on board, entering the vessel upon the middle deck by the port-hole through which the ice was put

on board. It was quite dark there, and the upper hatch was closed. After standing a short time, he concluded to go and see where the ice-chest was, and for that purpose walked forward, supposing it to be perfectly safe and seeing no danger, when he fell through the hatchways on the middle deck and the deck beneath, into the hold, breaking his leg and sustaining other injuries. The plaintiff had never been on board the vessel before, and was not directed or called by his son to go on board or to go forward to the ice-chest. The only caution that his son gave him was to be careful as he came down the slide. When the plaintiff and his son arrived at the vessel, the hatches of the upper deck were on, and the heavy doors of the port-holes were closed.

Upon this evidence the judge ruled as matter of law that the action could not be maintained, directed a verdict for the defendants, and reported the case for the consideration of the full court. If the ruling was incorrect, the verdict was to be set aside and the case stand for trial; otherwise, judgment on the verdict.

*G. A. Somerby & F. F. Heard,* for the plaintiff.

*C. T. Russell, Jr., (C. T. Russell* with him,) for the defendants.

DEVENS, J. The distinction which exists between the obligation which is due by the owner of premises to a mere licensee, who enters thereon, without any enticement or inducement, and to one who enters upon lawful business by the invitation, either express or implied, of the proprietor, is well settled. The former enters at his own risk; the latter has a right to believe that, taking reasonable care himself, all reasonable care has been used by the owner to protect him in order that no injury may occur. There is no duty imposed upon an owner or occupant of premises to keep them in a suitable condition for those who come there for their own convenience merely, without any invitation, either express or which may fairly be implied from the preparation and adaptation of the premises for the purposes for which they are appropriated. *Sweeny* v. *Old Colony Railroad,* 10 Allen, 368. *Indermaur* v. *Dames,* L. R. 1 C. P. 274; and L. R. 2 C. P. 311.

There was no evidence that the defendants, by any servant or agent, directed the ice to be put on board at the time it was done;

or contemplated that any such thing was to be done, and it was shown that the hatches of the upper deck were on, and the heavy doors of the port-holes were closed, by either of which access could alone be obtained to the middle deck, when the plaintiff and his son arrived at the vessel. Assuming, however, that the plaintiff's son, in whose employ he went there, had a right to break open the port-holes, and proceed to stow the ice on board, and that the son, as well as any workman who might accompany him to aid in stowing the ice, had a right to expect that all proper precautions would be taken to protect them while doing this service, and that as to them it was negligent to leave the hatchways open, the plaintiff still fails to show any negligence of which he has a right to complain. He had finished all the work, which his son had desired him to do, in sliding down the ice from the wharf upon the middle deck. After remaining a short time upon the wharf, he went on board the vessel, and, " after standing a short time, he concluded to go and see where the ice-chest was," and, in walking forward for that purpose, the injury occurred. He did not go on board, and afterwards forward, in response to any request or call from his son, (who simply told him to be careful as he came down the slide,) nor for any purpose of aiding in the stowing of the ice. Under these circumstances he was not on the steamer even permissively, or as a licensee. He was an intruder, who was moving about the middle deck solely for the purpose of gratifying his curiosity, and no liability was incurred by the owners of the vessel for any injury sustained by him while thus acting, they not having been guilty of any active misconduct towards him.

It is unnecessary, in this view of the case, to consider whether the plaintiff, in moving about in the dark upon the middle deck of a vessel with which he was unacquainted, was himself in the exercise of due care.                    *Judgment on the verdict.*