JOHN BELFORD, APPELLANT, *v.* THE CANADA SHIPPING COMPANY (LIMITED), RESPONDENT.

*Negligence — master and servant — duty of the master to keep his premises in a safe condition.*

The plaintiff, a carpenter, was employed in erecting some cattle stalls on the upper or hurricane deck of a steamer belonging to the defendant. On stopping work in the evening he went with the assistant engineer to the deck below where his tools were placed by the engineer in the boiler to hide them over night. On returning to the vessel the next morning the plaintiff, while walking along the lower deck to get his tools, fell into a bunker hole and sustained injuries, to recover the damages resulting from which this action was brought.

*Held,* that the plaintiff went upon the lower deck for his own purposes and at his own risk, and that for the injuries thereby sustained the defendant was not liable.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint made at the circuit.

*Frederic A. Ward,* for the appellant.

*Edward S. Hubbe* and *Dr. Lorenzo Ullo,* for the respondent.

PRATT, J. :

This is an action for negligence, and the complaint was dismissed below, after the plaintiff had put in his evidence and rested. The only question to be determined is whether the complaint was properly dismissed. It appears that plaintiff was a carpenter residing in Brooklyn, and on the 8th of January, 1883, employed in erecting some cattle stalls on the upper or hurricane deck of the steamer "Lake Winnipeg," belonging to the defendant. At about five P. M.

on the eighth of January he knocked off work, and before going home met the assistant engineer of the steamer and went with him to the deck below or main deck to hide away his tools over night. The engineer put them inside the boiler and told him that he would find them there the following morning. At seven A. M. on the next day plaintiff returned to the vessel to continue his work on the hurricane deck, and went again to the engine-room on the deck below to get his tools from where they were hidden the night before, and in walking along the lower or main deck fell into a bunker hole, which was then open, and was injured. It was no part of the duty of the assistant engineer to assist the plaintiff in hiding his tools, or show him where to hide them for the night, therefore the plaintiff voluntarily and at his own risk went to a part of the vessel where no duty called him and where the defendant could not presume he would be likely to go. The plaintiff's work was upon the spar deck, and if he chose for his own purposes to go upon other parts of the vessel he went there upon his own risk. It would be a harsh and unreasonable rule, to hold that if a person was employed to work upon a certain portion of a vessel that all other use of the remainder must be suspended in anticipation that the workman might travel to parts where no duty called him, and thereby receive some injury. So long as the master keeps the places where the workman is employed, or likely to go in a safe condition, he discharges his whole duty in that regard. It has been held that the owner of a vessel is not bound to close the hatches at night so as to protect from injury a trespasser, or one who has no right or license to be on the vessel. (*Severy* v. *Nickerson,* 120 Mass., 306; *Zoebisch* v. *Tarbell,* 10 Allen, 385.) It cannot be said that the plaintiff was invited or licensed to go forward to the boiler, or that he went there in any connection with the work he was employed to do.

I fail to see any negligence or breach of duty on the part of the defendant causing the injury to the plaintiff. The case must turn upon the single point whether there was either an expressed or implied invitation by the defendant to the plaintiff to go where he was injured, and there being no conflict of evidence it was a question of law for the trial judge to determine. To say that every portion of a vessel over 300 feet long must be guarded and kept safe, because at a particular place a workman is employed and may

assume to leave his work and travel over the whole ship where no duty calls him is unreasonable. We think the decision below is well sustained by principle and authority.

Judgment affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., dissented on the ground that plaintiff was lawfully on the vessel and entitled to protection against negligence.

Judgment affirmed, with costs.