## CLEARY v. BROOKLYN FACTORY & POWER CO.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. FREIGHT ELEVATORS—ACCIDENT—NEGLIGENCE OF OWNER OF BUILDING.

The owner of a building, who lets the various floors to different tenants, is not negligent, so as to be liable to a person injured by the unexpected movement of a freight elevator in which he was placing goods to take to one of the tenants; the elevator being operated by a rope, and it being impossible to start it except by pulling the rope in the elevator shaft, and the theory being that some one on another floor pulled the rope without giving warning; no similar accident having occurred in the four years the elevator had been in use; and the person injured testifying that he

79 N.Y.S.—66

had operated it 20 or 30 times before, and did not suppose it could be started by any one outside of the shaft, as he did not think such a person could pull the rope with sufficient force.

Appeal from trial term, Kings county.

Action by Thomas J. Cleary against the Brooklyn Factory & Power Company. From a judgment on dismissal of the complaint at the close of plaintiff's evidence, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

John M. Ward, for appellant.
George H. Fisher, for respondent.

WILLARD BARTLETT, J. The plaintiff sues to recover damages for injuries sustained in consequence of the unexpected movement of a freight elevator in which he was placing goods to be conveyed to an upper floor of the defendant's building. The various floors of this building were let by the defendant to different tenants, with the exception of the top floor, which was not occupied. The elevator was operated by means of a rope; the power to operate it being furnished by an engine in a separate building, which engine was in charge of an engineer in the employment of the defendant. He was called as a witness in behalf of the plaintiff and testified that the elevator could not be started by the machinery in the engine room, or in any other way, except by pulling the rope in the elevator shaft itself. The plaintiff's theory of the manner in which the accident occurred is that some one in the building, on a floor above or below the elevator, pulled the rope in the shaft without warning to the plaintiff, and thereby caused the elevator to move. The trial judge evidently was of the opinion that the defendant was not chargeable with negligence if the accident occurred in this way, and accordingly he dismissed the complaint at the close of the plaintiff's proof.

As to one who enters premises upon lawful business, by the invitation, either expressed or implied, of the proprietor, such person has a right to believe that, taking reasonable care himself, all reasonable care has been and will be exercised by the owner to protect him against injury. Severy v. Nickerson, 120 Mass. 306, 21 Am. Rep. 514. This, it seems to me, is the most stringent rule which can be invoked in behalf of the plaintiff, under the circumstances of the present case. Did it call upon the defendant to do any more than it had done to guard the plaintiff against injury in the use of the elevator? I think not. It was proved that the elevator had been in use from 1886 to 1900, and there was no evidence that any similar accident had ever before occurred. The plaintiff himself testified that he had operated it more than 20 or 30 times before the accident, and that he did not suppose it could be started by any person standing outside of the elevator shaft, as he did not think such a person could pull the rope with sufficient strength. It would seem to be imposing too severe a burden upon the defendant to require its agents to foresee the possibility of an accident which one thus familiar with the use of the elevator and its construction did not himself anticipate.

I think the plaintiff failed to make out a case of negligence, and that the judgment should be affirmed.

Judgment unanimously affirmed, with costs. All concur.