THOMAS J. CLEARY, Appellant, *v.* BROOKLYN FACTORY AND POWER COMPANY, Respondent.

*Negligence — a person placing goods in a freight elevator injured by reason of the rope, by which it was operated, being pulled by some unknown person.*

An owner of a building, the various floors of which have been leased to different tenants with the exception of the top floor, which is unoccupied, who maintains therein a freight elevator which can only be operated by means of a rope located in the elevator shaft, is not liable to a person who, while placing goods in the elevator to be conveyed to an upper floor of the building, sustains injuries in consequence of the unexpected movement of the elevator caused, as claimed by him, by some one in the building on a floor above or below the elevator, pulling the rope in the elevator shaft, where it appears that the elevator has been in use for a period of fourteen years and there is no proof that any similar accident has ever before occurred, and the injured person himself, who had operated the elevator more than twenty or thirty times before the accident, testifies that he did not suppose that the elevator could be started by any person standing outside the elevator shaft.

APPEAL by the plaintiff, Thomas J. Cleary, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 22d day of November, 1901, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's evidence after a trial at the Kings County Trial Term.

*John M. Ward*, for the appellant.

*George H. Fisher*, for the respondent.

WILLARD BARTLETT, J.:

The plaintiff sues to recover damages for injuries sustained in consequence of the unexpected movement of a freight elevator in which he was placing goods to be conveyed to an upper floor of the defendant's building. The various floors of this building were let by the defendant to different tenants, with the exception of the top floor, which was not occupied. The elevator was operated by means of a rope, the power to operate it being furnished by an engine in a separate building, which engine was in charge of an engineer in the employment of the defendant. He was called as a witness in behalf of the plaintiff and testified that the elevator could not be started by the machinery in the engine room, or in any other way except by pulling the rope in the elevator shaft itself. The plaintiff's theory of the manner in which the accident occurred is that some one in the building, on a floor above or below the elevator, pulled the rope in the shaft, without warning to the plaintiff, and thereby caused the elevator to move. The trial judge evidently was of the opinion that the defendant was not chargeable with negligence if the accident occurred in this way, and, accordingly, he dismissed the complaint at the close of the plaintiff's proof.

As to one who enters premises upon lawful business by the invitation, either express or implied, of the proprietor, such person has a right to believe that, taking reasonable care himself, all reasonable care has been and will be exercised by the owner to protect him against injury. (*Severy* v. *Nickerson*, 120 Mass. 306.) This, it seems to me, is the most stringent rule which can be invoked in behalf of the plaintiff under the circumstances of the present case. Did it call upon the defendant to do any more than it had done to guard the plaintiff against injury in the use of the elevator? I think not. It was proved that the elevator had been in use from 1886 to 1900, and there was no evidence that any similar accident had ever before occurred. The plaintiff himself testified that he had operated it more than twenty or thirty times before the accident, and that he did not suppose it could be started by any person standing outside of the elevator shaft, as he did not think such

person could' pull the rope with sufficient strength. It would seem to be imposing too severe a burden upon the defendant to require its agents to foresee the possibility of an accident which one thus familiar with the use of the elevator and its construction did not himself anticipate. I think the plaintiff failed to make out a case of negligence, and that the judgment should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCH-BERG, JJ.

Judgment unanimously affirmed, with costs.