HENRY Q. MILLETT, administrator, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   December 13, 1911. — May 20, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Passenger.   Negligence,* Railroad, Causing death.

At the trial of an action against a railroad corporation under R. L. c. 111, § 267, for the death of the plaintiff's intestate, it appeared that the intestate, who owned and had in his possession a mileage book of the defendant, with the intention of travelling wholly on the defendant's lines to a point beyond a junction point took a train to the junction point, the conductor taking from the mileage book his fare to that point only; that the car in which he had arrived at the junction was left standing on the second track from the station platform

and the train on which he intended to complete his journey was due to arrive immediately on the other side of the platform; that without objection on the part of the defendant he remained in the car in momentary expectation of the other train instead of crossing the intervening track and going to the station platform; that, when the train arrived, he left the car to cross the platform to the train, when he was struck and killed by an engine which had been detached from the train on which he had arrived and, at a speed of from eight to ten miles an hour, was being backed down the intervening track without any warning signals being given. *Held,* that the evidence warranted findings that the plaintiff's intestate was a passenger of the defendant when killed, and that his death was due to negligence of the defendant.

MORTON, J.  This is an action of tort to recover for the death of the plaintiff's intestate while a passenger on the defendant's railroad. The action is brought under R. L. c. 111, § 267, and the declaration is in two counts. The first count alleges negligence on the part of the defendant and the second the unfitness or gross negligence of its servants or agents. At the close of the evidence the presiding judge * directed a verdict for the defendant and reported the case: "If the plaintiff should have been permitted to go to the jury a new trial to be ordered, otherwise judgment to be entered for the defendant."

The questions are whether the deceased was a passenger at the time of the accident, and whether, if so, there was evidence of negligence on the part of the defendant.

The plaintiff does not contend that there was any evidence warranting a finding that the accident was caused by the unfitness or gross negligence of the defendant's servants or agents. The question of due care on the part of the deceased is not involved. *Commonwealth* v. *Boston & Lowell Railroad,* 134 Mass. 211.

The accident occurred March 14, 1906. The deceased was a travelling salesman and lived in Sharon. He left his home on the morning of the day of the accident to go to Fall River in the course of his business, expecting, as there was evidence tending to show, to return between 6 and 6.30 P. M. He transacted his business in Fall River and took a train for Sharon which left Fall River at 5.04 P. M. The train went no farther than Mansfield, and was due there at 5.45 P. M. At Mansfield he had to change and take a train on the Providence division on the other side of the station. He had in his pocket mileage books of the defendant

---

* *Dana, J.*

company, and from one of these the conductor detached coupons which covered his fare from Fall River to Mansfield. The books were equally available from Mansfield to Sharon. The train that left Fall River arrived at Mansfield on time. The engine was uncoupled from the train, leaving the car in which the deceased was standing on the track opposite to the station. The track on which the car stood was the north bound track. Between that and the station was the south bound track which passengers had to cross to reach the station and take trains on the Providence division. The train from Providence was due at Mansfield within a minute or two after the arrival of the train from Fall River. On the afternoon of the accident it was between four and five minutes late. The evidence would warrant a finding that the deceased remained in the car in momentary expectation of the arrival of the train from Providence, and on its arrival left the car for the purpose of taking the train to Sharon. As he stepped down on to the south bound track he was struck by the engine of the train that had brought him to Mansfield, which was backing down, and was instantly killed.

We think that there was evidence warranting a finding that the deceased was a passenger at the time of the accident. He was on his way from Fall River to his home in Sharon. The mileage books in his possession operated as a prepayment of his fare when the necessary coupons were detached. He had not arrived at his destination. The station at Mansfield was an intermediate station where he was to connect with the train that would take him to Sharon. So far as appears no notice or warning was given to him to leave the car, and the car itself was left standing opposite to the station where the train stopped when it arrived at Mansfield. It could have been found that he remained in the car without any objection from the defendant's servants or agents, in momentary expectation of the arrival of the connecting train, with the intention of proceeding by that train in continuation of the journey which he had begun until he arrived at his destination. Assuming that the same rule in regard to leaving the train applies to a passenger over connecting lines operated by the same company, when he arrives at the intermediate station where the connection is to be made, that applies to a passenger arriving at his destination, the question is ordinarily one of fact for the jury

under suitable instructions, whether, in leaving the train when and as he did at the intermediate station to take the connecting train, the passenger was, taking all the circumstances into account, within his rights as such passenger or had ceased for the time being to be a passenger. We see nothing in the case before us to take it out of the rule thus stated. In *Heinlein* v. *Boston & Providence Railroad,* 147 Mass. 136, there was no dispute as to the facts or the inferences to be drawn from them and the relation of the plaintiff to the defendant as an intending passenger had ceased.

We also think that there was evidence of negligence on the part of the defendant. There was evidence tending to show that without any warning being given or whistle blown or bell rung, the engine was backed down at a speed of eight to ten miles an hour over a track which it was known passengers would have to cross to get to the station. This would justify a finding of negligence on the part of the defendant.

In accordance with the terms of the report there will be a new trial.

*So ordered.*

*C. W. Bond,* (*J. J. Hughes & H. E. Perkins* with him,) for the plaintiff.

*J. L. Hall,* for the defendant.