MARY M. GRISWOLD, administratrix, *vs.* BOSTON and MAINE RAILROAD.

Worcester. September 30, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Negligence,* Railroad, Causing death, Invited person. *Agency,* Scope of employment.

In an action against a railroad corporation under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, for causing the death of the plaintiff's intestate,

there was evidence tending to show that on a certain morning the plaintiff's intestate and a teamster had been sent by their employer to unload bricks from a car in a freight yard of the defendant, that the car was an ordinary open freight car with the ends and sides boarded up to a height of three or four feet from the floor, and that it stood upon a delivery track in the yard with a space three and a half feet wide between it and a brick building on one side and on the other side between it and the next track a space twenty-four feet wide which was used by teams taking freight from the cars; that usually cars were switched upon the delivery track in the night-time and were left there undisturbed during the day; that the day was warm and that, in the early afternoon, the teamster drove away with a load leaving the intestate at the car; that when last seen the intestate was sitting on a corner of the car away from the outlet of the track and toward the brick building smoking, that during the absence of the teamster a switching engine removed some cars from the track, leaving a box car next to the one on which the intestate was, that later the engine returned with cars and without warning caused the box car to be pushed against the car on which the intestate was, and that immediately thereafter the intestate's body was found between the car and the brick building. *Held,* that it could not be ruled as a matter of law that the plaintiff's intestate was not in the exercise of due care. *Held, also,* that a finding was warranted that while resting on the car in the absence of the teamster the intestate was acting within the scope of his employment and was there by an implied invitation of the defendant and that there was evidence of negligence toward him on the part of the defendant.

DeCourcy, J. This is an action for damages under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, for causing the death of Elmer E. Griswold, the plaintiff's intestate; and the exceptions raise the questions whether there was evidence for the jury of his due care and of the defendant's negligence.*

There was evidence from which the jury could and presumably did find the following facts: On the morning of the day of the accident the intestate and a teamster were sent by their employer, the F. E. Powers Company, to unload a car containing a consignment of bricks. It was an ordinary open freight car, boarded in at the ends and sides to a height of three or four feet from the floor, and stood upon a delivery track in the defendant's freight yard. East of this track and three and a half feet away was a high brick building; and west of it was an open space twenty-four feet wide, used by teams when taking freight from the cars.

The accident happened during the early afternoon. The teamster had driven away with a load of bricks, leaving Griswold on the car to await his return for another load. The day was warm,

---

* The case was tried before *Lawton,* J. The jury found for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

and Griswold when last seen was sitting on the southeast corner of the car, in the shade of the building, and smoking.  Usually the cars were switched upon the delivery track during the night time, and were left there undisturbed during the day.  While the intestate was on or about the car a switching engine had come upon this track and pulled away some of the cars, leaving however a box car next to that containing the bricks.  Ten or fifteen minutes later the engine returned with some of the cars, and without warning pushed them against those on the track, and the box car was shoved against the brick car.  Immediately thereafter, Griswold's body was found in the three and a half foot space between the track and the brick building.

Upon these facts and the inferences that properly might be drawn from them, the presiding judge could not rule as matter of law that the intestate was guilty of contributory negligence.  He was not in the part of a freight yard where there was danger from the constant movement of cars.  The car upon which he was at work was stationed on the delivery track, and he had no reason to expect that it would be disturbed before the removal of all the bricks.  From his observation during the forenoon, aside from any information he may have acquired by inquiry or by former experience, it is not improbable that he knew it was unusual to switch upon this delivery track during the daytime, when teams might be in the adjoining driveway removing the contents of the cars.  He well might assume under the circumstances that no other car would be violently pushed against the brick car without any warning being given to him.  He had a right to be on the car, and from the absence of negligence in his conduct as disclosed, the jury reasonably could infer that he was in the exercise of due care at the time of the accident.  *Maguire* v. *Fitchburg Railroad,* 146 Mass. 379.  *Pratt* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 5.  *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392, and cases cited.

The issue of the defendant's negligence is dependent upon the duty which it owed to Griswold at the time of the accident.  Admittedly if he were then engaged in the actual work of transferring bricks from the car to the wagon, the jury might find evidence of negligence in the defendant's act of pushing the box car with such force against the brick car, without giving warning to him.  *Mul-*

*lins* v. *New York, New Haven, & Hartford Railroad,* 201 Mass. 38. And the jury must have found, under proper instructions, that while on the car during the brief absence of the wagon, he was within the scope of the work of his employer, and protected by the implied invitation of the defendant to do what was reasonably necessary or convenient in the work of removing the bricks from the car. We cannot rule as matter of law that he became a mere licensee while enjoying a brief respite from exhausting labor. He had not finished all his work, as was the case in *Severy* v. *Nickerson,* 120 Mass. 306, nor remained upon the premises after his invitation had expired, as in *Heinlein* v. *Boston & Providence Railroad,* 147 Mass. 136.

*Exceptions overruled.*

*C. M. Thayer,* for the defendant.

*J. A. Thayer, C. B. Perry & P. D. Howard,* for the plaintiff, submitted a brief.