OTIS A. WILCOX *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Norfolk.   January 9, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Negligence,* Invited person, Railroad.   *Railroad.*

If a mail messenger is walking along the platform of the railroad station in a town for the purpose of putting the mail bag from the post office of that town on the rear car of a train just coming in or to receive from the train the mail bag for that town, he is using the platform by the invitation of the railroad corporation to which it belongs, and it is the duty of that corporation to use due care not to injure him.

If a railroad station master leaves a baggage truck standing on ice-covered ground or on a part of the station platform that is icy and slippery so near the track on which a train is arriving that the train strikes the truck and drives it against a person who is using the station platform by invitation of the railroad corporation, in an action against the railroad corporation by such person for his injuries thus sustained it can be found that his injuries were caused by the negligence of the defendant's station master.

*It seems* that the result would be the same if the running of the baggage truck against the mail messenger was caused by the jar and vibration from the passing train before it stopped instead of by actual contact of the train with the truck.

TORT for personal injuries sustained on January 18, 1912, when the plaintiff, who had a contract with the United States for carrying the mails between the post office in Walpole and the railroad station of the defendant in that town, was walking along the platform of that railroad station in the course of his duty and was struck by a baggage truck that had been left standing too near the

track of the defendant's railroad, so that the arriving train caused it to strike and injure the plaintiff. Writ dated March 8, 1912.

In the Superior Court the case was tried before *McLaughlin, J.* At the close of the plaintiff's evidence the defendant rested and moved that a verdict be ordered for the defendant. The judge refused to order such a verdict. The parties thereupon waived a jury trial and submitted the case to the judge for determination on the evidence presented before the jury, both parties agreeing that, if the judge should have granted the defendant's request that a verdict be ordered in its favor, his finding should be for the defendant; but that, if the judge was right in refusing to grant the request, he should find for the plaintiff in the sum of $1,000. The judge accordingly found for the plaintiff in that amount and at the request of both parties reported the case for determination by this court. If at the close of the evidence the judge should have ordered a verdict for the defendant, judgment was to be entered for the defendant; if he was right in refusing the request, judgment was to be entered for the plaintiff in the sum of $1,000.

*S. C. Rand,* for the defendant.

*H. A. Baker,* for the plaintiff.

BRALEY, J. The judge upon contradictory evidence was warranted in finding that at the time of the accident the plaintiff was not a volunteer or a mere licensee, but as a mail messenger stood in the place where he was injured for the purpose of either putting the Walpole mail bag on the rear car or to receive the Walpole mail bag which came in on the train. *Tierney* v. *Boston Elevated Railway,* 216 Mass. 283. It was the defendant's duty to use due care toward him while he was using the platform at its invitation for the purposes described. *Stoddard* v. *New York, New Haven, & Hartford Railroad,* 181 Mass. 422. *MacLaren* v. *Boston Elevated Railway,* 197 Mass. 490.

And the judge was further warranted in finding that the defendant's station master was negligent in permitting the baggage truck to remain on ice covered ground or on the platform, which also was icy and slippery, so near to the track that either by the jar and vibration of the passing train before it stopped, or by contact with it, the truck was thrown against the plaintiff, breaking his leg. Or more succinctly, the judge could believe the plaintiff, who testified that "the truck was about two feet from

the track. . . . The first thing I knew the rear car of the train struck the truck and drove it into me."

The plaintiff is to have judgment "in the sum of $1,000" as stipulated in the report.

*So ordered.*