JOHN H. BELYEA *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    January 20, 1920. — February 28, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Invited person, Railroad. *Evidence,* Of custom. *Custom.*

At the trial of an action against a railroad company for personal injuries caused by a bundle of newspapers, pushed from a baggage car by an employee of the defendant, falling upon the plaintiff, who was at the door of the car to receive the papers for his employer, there was evidence tending to show that, for a "year or so," daily, in accordance with a "system in vogue" when the plaintiff first entered upon the employment of receiving the papers from the defendant at that station, it was customary for the plaintiff to take a truck of the defendant, wheel it to where the baggage car of the defendant would stop, take the bundles of papers from the baggage car door, where the defendant's baggage master had piled them in tiers, and place them on the truck. *Held,* that the evidence warranted a finding that the plaintiff, when injured, was at the baggage car door with the rights of one invited by the defendant to be there.

TORT for personal injuries, received when the plaintiff, an employee of a corporation publishing a newspaper, was receiving bundles of newspapers from a baggage car of the defendant at the Harrison Square station of the defendant in Boston, and caused

by the baggage master pushing the bundles upon him. Writ dated March 28, 1917.

In the Superior Court the action was tried before *Callahan*, J. The material evidence is described in the opinion. The defendant rested at the close of the plaintiff's evidence and moved that a verdict be ordered in its favor. The motion was denied. The defendant then asked for certain rulings, which are described in the opinion. The jury found for the plaintiff in the sum of $325; and the defendant alleged exceptions.

*A. W. Blackman*, for the defendant.

*H. R. Donaghue*, for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for injuries sustained by the plaintiff while receiving newspapers and magazines from the baggage master at the door of the baggage car of one of the defendant's trains at the Harrison Square station of the defendant in Boston on March 1, 1917. At the close of the plaintiff's evidence the defendant rested without submitting any evidence, and moved that a verdict be ordered for it. It also specifically requested rulings to the effect that the plaintiff was not an invitee, to do what he was doing, or to be in the position where he was at the time of his injury, but was at most no more than a mere licensee. The presiding judge refused to order a verdict for the defendant and refused to rule that the plaintiff was a mere licensee; but submitted to the jury as a question of fact the issue whether the plaintiff was a licensee or an invitee, with instructions, not excepted to, as to " the difference between the rights of licensees and invitees on the one hand, and the obligations of the carrier to licensees and invitees on the other hand."

The defendant concedes that the plaintiff had the right to enter upon the premises of the defendant for the purpose of receiving newspapers which the defendant was transporting for hire for the plaintiff's employer, but contends that he was not entitled by any invitation to come to, or to receive a delivery of the newspapers at the place of the accident, at the time of the accident. The evidence shows that it was the usage of the baggage master to pile the bundles of newspapers in tiers in the car door, and of the plaintiff and other newspaper drivers to take the papers from the car door and put them on a truck, which he or they had wheeled to a place about opposite the door of the baggage car, when the

train came to a stop. There was further evidence that for a "year or so" daily, in conformance to a "system in vogue" when he went there, the plaintiff took the papers from the car door and placed them on a truck. There is no evidence that any employee of the defendant ever received the papers for the defendant or after receipt took any step whatever to deliver them to the plaintiff or to any other person acting in behalf of the plaintiff's employer.

In these circumstances the jury would be warranted in finding as a fact that the defendant had knowledge of the "system" used by its employees in making deliveries of newspapers, and would be justified in finding an invitation to the plaintiff to receive the papers at the car door on the arrival of the trains, in the absence of evidence that the defendant objected to or forbade that form of receipt and delivery. It follows that the defendant owed a duty to the plaintiff to use ordinary care in making the deliveries and that the act of the baggage master in pushing the bundles out of the door on the plaintiff could be found to have been a negligent act.

*Exceptions overruled.*