WILLIAM J. WARD *vs.* NEW YORK CENTRAL RAILROAD COMPANY.

Suffolk. · January 22, 1924. — February 27, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Invited person: mail clerk on railroad car; Railroad.

An employee of the United States Government in the railway mail service, who in the course of the performance of his duties was upon a car of a railroad company which, under the company's contract with the United States for transportation of mail, had been placed by the company on a siding to be loaded with mail, the employee's duty being merely to see that the car was loaded, was entitled to use a reasonable time for the performance of that duty and while so employed was an invitee of the railroad company and entitled to protection by the company as such.

At the trial of an action against a railroad company by an employee of the United States Government for personal injuries received while in a car of the defendant in the circumstances above described, there was evidence tending to show that, while the plaintiff was engaged in the performance of his duties in a reasonable time, the doors of the car in which he was were closed and locked; that he attempted to notify employees of the defendant of his presence and succeeded in thrusting his left arm through a crack in the door, waving it at a brakeman of the defendant and calling to him; that the brakeman turned and looked at him; that the brakeman then gave a signal and an engine attached to other cars backed up to the car in which the plaintiff was as he was in the act of withdrawing his arm, and that the arm was caught between the leaves of the door, injuring him. *Held,* that the questions of the plaintiff's due care and negligence of the brakeman were for the jury.

TORT for personal injuries. Writ dated July 14, 1921. In the declaration, the plaintiff alleged that on February 17, 1921, he was employed by the post office department of the

United States in the division of railway mail service and that his duty was to enter a certain car or train operated and controlled by the defendant, and that "he was a passenger thereon;" that, "while he was rightly in one of said cars on one of the trains under the control of said defendant," the defendant operated the car or train so carelessly and negligently that the plaintiff was thrown down to the floor of the car and injured.

In the Superior Court, the action came on to be tried before *Lawton,* J. The plaintiff's counsel made an opening statement of facts which he proposed to prove. Material facts so offered to be proved are described in the opinion. At the close of the opening statement, the defendant moved that a verdict be ordered in its favor; the motion was allowed, and a verdict was ordered for the defendant. The judge then reported the case to this court for determination, it being agreed that, if he were wrong in ruling that upon the statement of counsel of the plaintiff there was not sufficient evidence to go to the jury, the action should be remanded to the Superior Court; and that otherwise a judgment was to be entered for the defendant on the verdict.

*T. H. Bilodeau,* for the plaintiff.

*L. A. Mayberry,* (*W. F. Levis* with him,) for the defendant.

CARROLL, J. The plaintiff offered to prove that, on February 17, 1921, he was employed in the railway mail service of the United States, and on that day was working within the scope of his employment at the Overland Building, Boston.

The defendant, under its contract with the United States Government for the transportation of mail, had placed certain cars on a siding at the Overland Building, to be loaded with mail. The employees in the mail service were, by reason of this contract, permitted to come upon the cars furnished by the defendant for the purpose of loading and unloading mail. It was not a part of the plaintiff's duty to ride in a car after it was loaded. The cars were known as baggage storage cars, in which mail for different destinations was piled. Each car had single doors at each end and double doors on each side. These double doors were

operated on rollers by which each leaf of the door could slide along the side of the car. After the plaintiff had finished his work of loading the car, he undertook to leave by the double door and found it locked. He then tried the other doors, and found they were locked. The double doors of the car had been locked by the foreman in charge of the mail clerks, by means of a hasp and padlock on the outside, the key being in his possession. None of the defendant's employees had keys to the lock in question. The plaintiff attempted to get out of the car, and was able to force the two leaves of the locked door about six or eight inches. He looked through this opening and saw a brakeman, one of the defendant's train crew, standing ten or fifteen feet away, and attempted to attract his attention, " by hollering. He called ' Hello, there, I am locked in this car, let me out ' . . . and put his left arm through the opening and waved it at the brakeman, who turned and looked at him when he hollered. After the brakeman looked at him, he saw the brakeman give a signal and the engine attached to two other baggage cars coupled on and backed up to the car in which the plaintiff was locked. The signal given was a signal to the engineer to back up, but it was not known to the plaintiff to be such a signal." When the cars came together the plaintiff was in the act of withdrawing his arm from the opening, and it was caught between the two leaves of the side door.

The plaintiff was not to be carried by the defendant as a passenger; but, while in the course of his employment of loading and unloading the car, he had the right to use it for the purpose of his employment, and stood toward the defendant as an invitee. See *Crimmins* v. *Booth*, 202 Mass. 17, 24. *Griswold* v. *Boston & Maine Railroad*, 213 Mass. 12. *Carpenter* v. *Sinclair Refining Co.* 237 Mass. 230, 234.

When the plaintiff found he was locked in the car, and attempted to leave it, and endeavored to attract the attention of the brakeman by waving his hand and "hollering," he did not become a mere licensee. He was, in our opinion, an invitee, and was entitled to protection as such. He could use a reasonable time in leaving the car without

losing his right to be treated as an invitee. When he found the doors were locked without his fault or the fault of the defendant, he could make a reasonable effort to escape and call the attention of others to the position he was in. We cannot say that, as matter of law, in doing what he did under the circumstances shown in this case, he was a mere licensee to whom the defendant owed only the duty of refraining from reckless and wilful misconduct. *Pierce* v. *Cunard Steamship Co.* 153 Mass. 87, 89. *Griswold* v. *Boston & Maine Railroad, supra.* See *Wilcox* v. *New York, New Haven & Hartford Railroad,* 226 Mass. 171. *French* v. *Boston & Maine Railroad,* 230 Mass. 163. *Belyea* v. *New York, New Haven & Hartford Railroad,* 235 Mass. 225.

In *Heinlein* v. *Boston & Providence Railroad,* 147 Mass. 136, 139, 140, the plaintiff remained in the station for his own accommodation. The court said in the course of the decision, the plaintiff could, " up to the time that he was informed that there was no train such as he desired, be held to have the rights of an intending passenger, . . . after that time he had no such rights, if he continued to remain in the station after he had full opportunity to leave it." In *Severy* v. *Nickerson,* 120 Mass. 306, the plaintiff was on the vessel to gratify his own curiosity. In our opinion, these decisions, relied on by the defendant, do not apply to the case at bar.

The plaintiff's due care was a question of fact. The jury could take into account his actual situation and the fact, if they so found, that he did not know the brakeman was giving a signal to the engineer to back the cars; it could not be said, as matter of law, that he was careless. *McKeon* v. *New York, New Haven & Hartford Railroad,* 183 Mass. 271, 273.

As the plaintiff could have been found to be an invitee, the defendant was required to use reasonable care for his safety. This was a question of fact. If the brakeman heard the plaintiff and saw the peril he was in at that time, the jury would be warranted in finding that he gave the signal to back the cars and engine against the car on which the

plaintiff was standing in a place of danger, and that this was a negligent act.

The case should stand for trial in the Superior Court; and according to the terms of the report, it is to be remanded to that court.

*So ordered.*