Pettixgell, J.
Action of tort in which there was a finding for the plaintiff. The case turns upon her status in the store of the defendant at the time of the injury. She had entered the store as a customer and had purchased merchandise. It is admitted that up to that time she was an invitee. The plaintiff, however, in leaving the store, chose a roundabout route in order that she might pass through the department' in which there was employed a sister whom she wished to see on personal business. She had seen her sister and was on her way out of the store when she fell because of a defective condition of the flooring in the aisle in which she was walking, and was injured.
The defendant’s contention is that when she made the decision to see her sister on personal business, she at once lost her status as an invitee and became a licensee, as to whom the defendant owed no duty except to refrain from wilful, wanton and reckless conduct. .
- The evidence contained iii the report is not clear and certain and gives a vague and indefinite account of what actually happened.. After the plaintiff made her purchase, she went to the department in which her sister worked. According to the plaintiff’s testimony, she intended to leave the store by a rear door and it appeared from testimony and from a view that it was possible for her to go to a rear door by way of the department in which her sister worked. What happened when she met her sister does not appear. The nature of the'personal business is not stated, nor the length of time necessary to transact it. Nothing is said about the place where the sisters met or the manner in which the business was transacted. As far as the report shows, it could have been a conference lasting an hour or more, or it could *251 have been a casual conversation carried on by the plaintiff without interrupting or delaying her progress. What does appear is that having completed her purchase, she started to leave the store by a rear door, choosing a route which made it possible for her to see her sister on personal business as she went; and that having seen her sister, and while continuing her progress to the rear door, she fell in an aisle of the store because of a defect in the floor, and was injured.
The trial judge found that the plaintiff was an invitee at the time of the injury. The actual issue in the case is whether, on the evidence just discussed, he was obliged to rule as matter of law that the plaintiff was a licensee.
It is perfectly possible for the status of one entering premises of another to change more or less instantly because of changing circumstances. One entering a place of business, hoping to secure business for himself from the owner, is a licensee; if, however, he is successful in inducing the owner to do business with him, he becomes an invitee. Lanstein v. Acme Lead & Color Works, 285 Mass. 328, at 329. On the other hand, an invitee who goes into a part of the premises not reserved for the public, or not within the scope of his invitation, Gilbert v. Nagle, 118 Mass. 278, at 279; Savery v. Nickerson, 120 Mass. 306; Cowen v. Kirby, 180 Mass. 504, at 506; Dickie v. Davis, 217 Mass. 25, at 29; Graham v. Pocasset Mfg. Co., 200 Mass. 195, at 196; Urban v. Central Mass. Electric Co., Mass. Adv. Sh. (1938) 1865, at 1867, 1868; and an invitee who intermeddles with the owner’s property, such as machinery, Gilbert v. Nagle, 118 Mass. 278, at 279; Holbrook v. Aldrich, 168 Mass. 15, Coulombe v. Horne Coal Co., 275 Mass. 226, at 230; and is injured, cannot recover because he has ceased to be an invitee and has become a bare licensee. So, also, one, intending to become a passenger, may be a trespasser because of *252 an improper entrance upon the premises of the railroad corporation, but once there, has the status of an invitee, Levesque v. American Railway Express, 258 Mass. 315, at 317, 318; and one may enter such premises as an invitee, and by unduly remaining there after he finds that the last train has gone, become a licensee, Heinlein v. Boston & Providence R. R., 147 Mass. 136, at 139, 140.
The question of the status of one on premises of another is one of fact, Gilbert v. Nagle, 118 Mass. 278, at 279; Learoyd v. Godfrey, 138 Mass. 315, at 324; Millett v. New York, New Haven & Hartford R. R., 211 Mass. 486, at 488, 489; Palmer v. Boston Penny Savings Bank, Mass. Adv. Sh. (1938) 1889, at 1892,1893. The finding of the trial judge in this case, that the plaintiff was an invitee, must stand unless the trial judge was compelled as matter of law to rule otherwise.
It is admitted that the plaintiff, up to the time of completing her purchases, was an invitee. As one properly in the store to do business with the defendant, her status as invitee continued until she left the store unless she did something to change it.
A status once acquired is presumed to continue until there is evidence to the contrary, Magee v. Scott, 9 Cush. 148, at 150; Currier v. Silloway, 1 Allen 19, at 20; Harriman v. Boston, 114 Mass. 241, at 245, 246; Long v. George, 290 Mass. 316, at 322.
As an invitee, she was not compelled to leave by the way she entered; she could choose any convenient exit provided by the defendant, Murr v. Boston & Maine R. R., 204 Mass. 74, at 78. She was entitled to a reasonable time within which to leave, Ward v. New York Central R. R., 248 Mass. 115, at 117, 118. If the visit to her sister was only incidental to her passage out, her status would not necessarily change. If, however, the visit to her sister was the chief purpose of *253 her journey to that part of the store, it is possible that she might become a licensee. It, therefore, becomes extremely important to know the details of her visit to her sister, whether it was a casual conversation in passing or an extended conference, interrupting and delaying the plaintiff’s progress. There is no evidence on this point. It involves a finding of fact which is beyond the province of this court.
We do not believe that the mere decision of the plaintiff to visit her sister on her way out of the store, without more, was enough to require the trial judge to rule as matter of law, that the decision, ipso facto, mad.e her a licensee. She did not go out of the parts of the store reserved for the public. She did not intermeddle with anything in the store. -So far as the report shows, she may have delayed her exit for an inappreciable period. The trial judge found as fact that she remained an invitee. We find no evidence which required him to rule otherwise. It is our opinion that the defendant has not shown enough to establish prejudicial error in the denial of its several requested rulings.
The report is to be dismissed.