WILLIAM J. STODDARD *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    March 6, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Carrier*, Of Passengers.  *Negligence*, On railroad.

In this case it was assumed, that a postal clerk, who had paid no fare, unloading mail in a postal car, which recently had been detached from a train on its arrival at its final station and was standing on a side track, had originally and still had the rights of a passenger.

A railroad company is not liable for an injury to a postal clerk unloading mail in a postal car recently detached from a train of the defendant on its arrival at the central station in New York, while the car is standing on a side track and is there run into by a car of another railroad company turned upon the same side track through the negligence of a servant of the company owning it.

TORT for personal injuries.    Writ in the Municipal Court of the City of Boston dated February 2, 1901.

On appeal to the Superior Court the case was tried before *Hardy*, J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*G. M. Palmer*, for the plaintiff.

*J. L. Hall*, for the defendant.

HOLMES, C. J.    This is an action for personal injuries.    The plaintiff was a United States postal clerk running from Boston to New York, and paying no fare.    U. S. Rev. Sts. § 4000.    At the time of the accident his mail car had reached the New York station and, after remaining there five or six minutes, had been placed upon a side track and had been there ten minutes.    By the negligence of a servant of the New York Central and Hudson River Railroad, a car which should have been shunted to another track was turned on to the side track and ran into the postal car.    The plaintiff was in the postal car, unloading the mail, and was hurt.    At the trial the judge directed a verdict for the defendant, and the case is here on exceptions.

We are of opinion that the direction was right.    Assuming for the purposes of decision that the plaintiff originally and still

had the rights of a passenger, the facts disclose no breach of duty on the part of the defendant. The injury was caused by the servant of an independent company, over whom the defendant had no control. So far as appears, the New York Central road may have had a right to use the station, which was quite independent of the New York, New Haven and Hartford company. But even if its right to be present depended on a contract with the latter, it would make no difference in our judgment. The liability of a carrier to a passenger is based upon fault, however high the criterion of duty may be placed. It is said that the defendant's duty was to provide a safe station. It did so. Its duty did not extend to insuring the plaintiff against the wrongful acts of third persons while he might be there, whether those acts took the form of a wilful assault and battery or of a negligent bringing of force to bear upon his person. *Brooks* v. *Old Colony Railroad*, 168 Mass. 164. Short of such a general duty of insurance the defendant cannot be held. For although the accident occurred in the running of a car upon a railroad track, no way appears in which the defendant could have prevented it.

There have been suggestions in some cases looking in the direction of the defendant's liability. *Railroad Co.* v. *Barron*, 5 Wall. 90, 104. *Murray* v. *Lehigh Valley Railroad*, 66 Conn. 512. But even if it were shown, as it is not, that the defendant had done an act which in a remote sense made the accident possible, such as making some contract of letting or hiring with the New York Central road, to our mind it confuses all principles of liability based upon fault when such an act is relied upon as a sufficient ground of responsibility. Remote acts of a defendant always can be shown without which the accident would not have happened. But the question is whether they are near enough to be regarded as the cause. A lease does not make either party the servant of the other in fact, and there seems to be no ground for resorting to fiction. The contract of carriage is interpreted as applying to the instrumentalities of carriage even when belonging to others, so far as to make the carrier answerable for their negligence, but the liability still stands on fault and the best considered cases agree that there is no reason for extending it to the incursions of other carriers not

under the defendant's control. *Wright* v. *Midland Railway*, L. R. 8 Ex. 137. *Sprague* v. *Smith*, 29 Vt. 421. See *Daniel* v. *Metropolitan Railway*, L. R. 5 H. L. 45.

*Exceptions overruled.*