HENRY E. RICE vs. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Worcester.   October 4, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence. Railroad.*

In an action by a railroad mail clerk against a railroad company for injuries from being squeezed between two mail cars while attempting to alight at a station of the defendant, it appeared, that the mail cars were built without the usual outside end platforms and had no platform gates, that the plaintiff had been a railroad mail clerk for ten years on the same route and for a year and a half in cars of the same type, that on each side of the mail cars were side doors with grab irons and iron stirrups, the end doors being designed for passing from the mail cars to the ordinary cars, and that the plaintiff in leaving the train by the narrow opening between the two mail cars was compelled to force his body through a space only thirteen or fourteen inches wide between two upright planks, knowing that this space was likely to be narrowed at any instant to a width of only two or five inches, when the cars should be brought forcibly together upon the changing of engines customary at this station. *Held*, that, assuming that the plaintiff was a passenger, and assuming also, without deciding it, that the absence of end platforms and platform gates on a postal car is a violation of R. L. c. 111, § 214, and thus was evidence of negligence on the part of the defendant, the plaintiff's attempt to leave the train by forcing his body through the narrow space between the planks at a time when it was to be expected that the cars would be brought nearer together in the process of changing engines was negligence on the part of the plaintiff contributing to his injuries.

TORT, by a railroad mail clerk in the employ of the United States, for injuries from being squeezed between two mail cars while attempting to alight from a train of the defendant at its station in Worcester.   Writ dated December 4, 1903.

At the trial in the Superior Court *Gaskill*, J. at the close of the plaintiff's evidence ordered a verdict for the defendant, and reported the case for determination by this court.   If the ruling was right judgment was to be entered on the verdict; otherwise, a new trial was to be granted.

*F. H. Stewart*, for the plaintiff.

*R. A. Stewart*, for the defendant.

BARKER, J.   We assume that the plaintiff as a postal clerk employed by the post office department of the general government upon the defendant's train stood to the carrier in the gen-

eral relation of a passenger,* although that relation was modified to some degree by the circumstances that his position and movements in the postal cars and his leaving or returning to those cars, and the internal arrangement and use of those cars and of the appliances and utensils within them designed to facilitate the care and disposition of the mails, were not in the control of the defendant, but of the postal officials and employees.

We assume also, without so deciding, that the presence in the train of postal cars of the construction described in the evidence, built without the usual outside end platforms and having no platform gates as required by R. L. c. 111, § 214, was an infraction of that statutory requirement, and so some evidence of negligence on the part of the defendant.

But we are of the opinion that the verdict properly was ordered for the defendant on the ground that the plaintiff himself was guilty of contributory negligence.

He had been a railroad mail clerk for ten years on the same route and for a year and a half in cars of the same type, and must be taken to have been entirely familiar with the method of managing the train at the station, and with the construction of the cars, and with all possible modes of leaving or entering them. On each side of the mail cars were side doors with grab irons and iron stirrups. The end doors of the mail cars were designed to afford a way of passing from the mail cars to the ordinary cars. The train was run with two locomotives, and the plaintiff knew that these were to be changed at the station, and he must be taken to have known that the changing of engines would involve the forcing nearer together of the two mail cars, in the process of uncoupling and coupling the engines during the stoppage of the train.

As the postal cars were built, leaving the train by the narrow opening between the two compelled the plaintiff to force his body through a space only thirteen or fourteen inches wide, between two upright planks, and which space he must be taken to have known was liable to be narrowed at any instant without warning to a width of only two or five inches, when the two

---

* A similar assumption was made in *Stoddard v. New York, New Haven, & Hartford Railroad*, 181 Mass. 422.

postal cars should be brought together in the changing of loco-
motives.

There was no unusual exigency and no special demand for
haste on the part of the plaintiff. To attempt to leave the train
by forcing his body through the narrow space between the planks
at a time when it was to be expected that the cars would be
brought nearer together in the process of changing engines
was negligence on the part of the plaintiff, contributing to his
injury.

*Judgment for the defendant on the verdict.*