ARTHUR T. KELLEY *vs.* NEW YORK CENTRAL RAILROAD
COMPANY.

Suffolk.    January 20, 1926. — February 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Railroad: railway mail clerk; Invited person; Assumption of
risk.

A railway mail clerk, who, by reason of a contract between a railroad
corporation and the Federal government as to transportation of mail,
is invited to work upon and to enter and leave a storage mail car in
the performance of his duties, is owed no greater duty by the railroad
company than it owes to its own employees and cannot maintain an
action against the company for personal injuries caused by his slipping
on a threshold of the door to the car because it was worn smooth and
was slippery, where it appears that ordinary observation on his part
would have discovered the condition of the threshold.

TORT for personal injuries received by the plaintiff while
leaving the mail car in the performance of his duties.    Writ
dated July 14, 1922.

In the Superior Court, the action was tried before *Brown,* J.
Material evidence is described in the opinion.    At the close
of the evidence, a verdict was entered for the defendant by
order of the trial judge.    The plaintiff alleged exceptions.

*T. H. Bilodeau,* for the plaintiff.

*L. A. Mayberry,* (*W. F. Levis* with him,) for the defendant.

PIERCE, J.    This is an action of tort to recover damages
for injuries received by the plaintiff on June 11, 1921, while
rightfully engaged about his duties in the unloading of a
mail car at Boston by reason of an alleged defective threshold
there negligently being used by the defendant in the conduct
of its business.    The case was tried to a jury.    At the con-
clusion of the evidence, on the motion of the defendant, the
judge directed a verdict for the defendant and the case is
before this court on the exceptions of the plaintiff thereto.

It was agreed that the defendant was a common carrier
and that the defendant leases, operates and controls the

Boston and Albany Railroad.   The plaintiff was a railway mail clerk, in the employ of the United States Government. He worked at the South Station, Boston, and had various duties, one of them being to supervise the unloading of that portion of the mail which was unloaded at the South Station from storage mail cars that came in on the defendant's train No. 50.   When that mail is removed the car is again locked, and it goes to the Overland Building, Boston, to have the balance of the mail unloaded.   These storage mail cars have two doors on each side and a door at each end.   All the doors are locked on the inside with the exception of one door, which is locked on the outside with a United States mail lock, and that is the door that would be used when it was desired to enter the car.   In supervising the unloading of these mails, the railway mail clerk was required to unlock the cars, enter them, find the mails that were to come out at the South Station (they were placed apart by themselves), see that the mails were removed, then lock up the car. "You enter the car, perform the work inside and after leaving the car lock the door."

On the day of the accident the plaintiff went to a car which was a New Haven car, No. 5515, and had arrived at 2:30 P.M. standard time; he climbed up on the stirrup, took off the lock and pushed back a sliding door.   "He went into the car, performed some work in there, and after the work was performed, that is, after the porters had left the car, he had to lock it.   He stepped to the door, and he remembered putting his left foot out first, had his eye on the door to close it, but had not touched the door because in stepping forward his left foot slipped on the tread and he fell out of the car, as he slipped on the threshold his right leg caught under him on the threshold and he went out and broke it near the ankle"; he "fell to the station platform."   He pulled himself up on his left leg by holding on to the stirrup of the car, and stood there a few moments, and looked to see what had caused him to slip, and "saw that the cause of the slipping was simply the fact that the tread was smooth, it had been worn entirely smooth, and it was on an incline; . . . not steep, perhaps fifteen degrees."   It was "an iron

door sill" worn smooth. He testified that he didn't recall just how far the smoothness extended, he knew that "it covered practically the whole door"; he remembered "only that it was smooth . . . unless away up close to where the door slid into the car; of course it isn't used much there."

The plaintiff testified that there are a lot of different patterns of thresholds, and to the question "Was this threshold what you call a grooved threshold, the place where it had been worn?" answered "As I recall it, it was; it has been a long time since I saw it." On cross-examination he testified that there was nothing about the condition of the particular threshold that attracted his attention on that day; that "Very seldom you would see them worn entirely smooth"; that he didn't know some thresholds are smooth when they are constructed; that he had seen thresholds "that are smooth, but whether they started that way I don't know," and as to the condition of this one, he did not know on his personal knowledge whether it "was constructed that way or worn down."

The evidence for the defendant in this regard was to the effect that car No. 5515 was built for the New York, New Haven and Hartford Railroad, and became a standard and well recognized type of car. It was constructed in 1914 with the threshold plate of malleable iron, flush with floor of the car. On the inside there is a slight depression, about three sixteenths of an inch, at the inner edge of the threshold plate where it meets the floor. The top surface of the threshold plate outside the door consists of raised portions with depressed portions between them, meaning transverse grooves transversely across the car, not lengthwise. "There is a narrow shallow groove under the door, about one half inch wide, in which the door slides. The top surface, the raised portion on all the surface upon which anybody may step in getting in or out of the car is smooth"; that is to say, it is smooth in the respect that it was not grooved and has no pattern on it to prevent slipping.

By reason of the contract between the United States and the defendant regarding the defendant's transportation of mail from Springfield to Boston, the plaintiff, as mail clerk,

had the right to enter car No. 5515 at the South Station, in Boston, in the performance of his duty of unloading mail to be unloaded at that station, and stood toward the defendant as an invitee while in the performance of his duty to his employer, the United States government. *Ward* v. *New York Central Railroad*, 248 Mass. 115, 117.

*Stoddard* v. *New York, New Haven & Hartford Railroad*, 181 Mass. 422, and *Rice* v. *New York Central & Hudson River Railroad*, 186 Mass. 521, had to do with travelling mail clerks, and for that reason are consistent with *Ward* v. *New York Central Railroad, supra.*

The defendant owed the plaintiff no greater duty than it owed to one of its own employees. *Crimmins* v. *Booth*, 202 Mass. 17. To such a person the employer owes no duty to call attention to dangers which are apparent to the senses of an ordinarily intelligent person; or, assuming that such conditions are obvious, to make improvements or changes which will make the place of labor safer or different than it manifestly is. *Sullivan* v. *New Bedford Gas & Edison Light Co.* 190 Mass. 288. *Murray* v. *Nantasket Beach Steamboat Co.* 248 Mass. 587, 589. Applying the law to the facts of this case, it is obvious the defendant owed the plaintiff no duty which it has failed to perform; and clear that ordinary observation of the threshold would have disclosed that it was smooth and therefore slippery. We are of opinion the plaintiff has no right of action for the cause alleged, or for any cause which the testimony could support.

*Exceptions overruled.*