EMMA N. KITCHEN *vs.* WOMEN'S CITY CLUB OF BOSTON.
FRANK BIRDSALL KITCHEN *vs.* SAME.

Suffolk.    April 2, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Of one owning or controlling real estate, Of proprietor of clubhouse, Assumption of risk. *Evidence,* Competency.

At the trial of an action of tort for personal injuries against an incorporated club organized "for the purpose of establishing broad acquaintance among women through their common interest in the promotion of the welfare of the city of Boston and the Commonwealth, to provide a clubhouse where its members may meet informally, and to provide an open forum where leaders in matters of public import and civic interest may be frequently heard," there was evidence that the plaintiff, a woman, hired a room in the defendant's clubhouse for several days and nights at a certain rate; that the room had a highly polished and slippery floor, upon which was a small, thin rug of woolen fibre without any device to prevent its slipping; that the plaintiff walked over the rug every time she crossed the room, and observed that the floor was slippery and that the rug slipped easily thereon; and that, while crossing the room to answer a knock on the door, she stepped on the rug, it slipped and she fell. The trial judge ordered a verdict for the defendant. *Held,* that

(1) Although the defendant owed a duty to the plaintiff to exercise reasonable care in keeping the room safe for her use, the condition of the floor and rug was obvious to and known by the plaintiff when she hired the room, and the defendant was under no duty to change such condition nor to warn the plaintiff thereof;

(2) Evidence, that it is a common practice to use a safety device to prevent the slipping of rugs on highly polished floors, properly was excluded in the circumstances;

(3) The verdict properly was ordered for the defendant.

TWO ACTIONS OF TORT. Writs dated respectively January 13, 1927, and February 21, 1927.

Material evidence at the trial of the actions together in the Superior Court before *Whiting,* J., is stated in the opinion. At the close of the evidence the judge ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*L. R. Chamberlin,* (*R. J. Cook* with him,) for the plaintiffs.
*K. C. Parker,* for the defendant.

PIERCE, J.    These are two actions of tort, one brought by Emma N. Kitchen for personal injuries sustained by her and the other brought by her husband for consequential damages. The cases were tried to a jury.    All the material evidence on the question of liability is contained in the bill of exceptions. At the close of the evidence the defendant filed a motion for a directed verdict in each case.    These motions were allowed and the jury were directed to return verdicts for the defendant.    The cases are before us on the exceptions of the plaintiffs to this direction and to the exclusion of certain offered testimony.    The parties to the actions use the word plaintiff to designate the female plaintiff, and that word will be so used herein.

The pertinent facts are as follows: The defendant is an incorporated club organized "for the purpose of establishing broad acquaintance among women through their common interest in the promotion of the welfare of the city of Boston and the Commonwealth, to provide a clubhouse where its members may meet informally, and to provide an open forum where leaders in matters of public import and civic interest may be frequently heard."    It maintained a clubhouse on Walnut Street, Boston, Massachusetts.    The plaintiff with three other women, travelling in an automobile, arrived in Boston, and by prearrangement were received as guests at the defendant's clubhouse on Friday afternoon July 17, 1925. They had their evening meal at the club restaurant and were assigned a room on the second floor.    The plaintiff occupied this room with her sister on Friday night, and again on Saturday night with her niece.    The plaintiff paid for her room at the rate of approximately $3 per day.    In this room there was a toilet table, a writing desk, two single beds and two or three chairs.    The floor was of hard wood highly polished, and the "slipperiest floor" the plaintiff had ever seen.    It was more slippery than is common with other floors.    Its surface had been treated with shellac, and waxed once or twice a year; the last time it was polished was a matter of months before the accident.    The room was dusted on Sat-

urday, July 18, 1925, by a maid in the employ of the defendant. At the foot of the beds, between the toilet table and the door, there was a "thread and thrum" rug, of woolen fibre, medium in thickness about three and one half by five feet, without any device or means to prevent its slipping. When the plaintiff went into the room assigned to her use she observed that the floor was highly polished and slippery, and that the rug was very thin and slipped on the floor easily. When she walked by the foot of the beds she had to walk over the rug, so that every time she walked from one side of the room to the other she walked in the space where the rug was. While she knew it was slippery, the "slipperiest floor" she ever saw, she did not think it would cause the rug to slip. Before her accident, hereinafter described, she had not slipped on the floor or rug. She knew and appreciated that she did not have to stay in the room unless she desired to do so, and did not think the condition of the floor would have prevented her staying there. She had hard wood, slippery floors in her own home, and was careful to have them almost entirely covered where it was necessary to walk. She had heavy rugs on them so they would not slip.

The immediate circumstances attending the plaintiff's accident in substance are described in the bill of exceptions as follows: On Sunday morning, July 19, 1925, the plaintiff arose from her bed while her niece was asleep. She partly dressed and was combing her hair at the dressing table, which was "farthest away from the door." She heard a knock, knew that her sister was at the door and wanted to get in. She started for the door and stepped on the middle of the rug: it slipped and was pushed against the mantel or near it, and the plaintiff was thrown to the floor and suffered thereby the injuries complained of.

That the defendant owed a duty to its paying guests to use reasonable care that the premises as a whole, and the rooms assigned to the use of the guests in particular, should be reasonably fit and safe for such use is obvious. And it is plain that it is its duty to take fair and reasonable precautions that the guest is informed and warned against all dangers incident to the enjoyment of club privileges, which

are not obvious to the senses of an ordinarily intelligent person.

As a corollary, it follows that no duty is owed to a guest, where the conditions are open and obvious to an ordinarily intelligent person, to make changes in such conditions or call attention to dangers which are apparent to the senses of such a person. If the law is applied to the facts of this case, the verdicts were directed rightly. The plaintiff knew all the conditions of which she complains; she knew that light rugs when stepped on may be expected to slip on slippery floors, but she did not anticipate that the rug in the room in question would slip on the floor of that room. She appreciated and voluntarily assumed the risk of any accident which naturally attached to the condition she observed, and by assenting negatived the existence of any duty on the part of the defendant to warn her of such dangers. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 159. See as applied to master and servants *Kelley* v. *New York Central Railroad*, 255 Mass. 124, 127.

We are of opinion the plaintiffs have no right of action for the causes alleged in their pleadings or for any cause which the testimony would support. On the facts the evidence offered that it is a common practice to use a safety device to prevent the slipping of rugs on highly polished floors was rejected rightly. In each case the exceptions must be overruled.

*So ordered.*