EMMA CRONE *vs.* JORDAN MARSH COMPANY.

Suffolk.    October 7, November 4, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Assumption of risk, Invited person, Of proprietor of store.

The proprietor of a store dealing in rugs was not liable for personal injuries received by a woman customer who, after having noticed a very highly polished and slippery condition of the floor in the room in the store where rugs were displayed and knowing that a small rug on a smooth floor is apt to slip, walked from an elevator, turned to her left, passed through a large, open space in the room between racks and piles of rugs, used not only as a passageway for customers but also, nearer the racks and piles, as a place for showing rugs upon the floor, stepped upon a small rug directly in her path, which she afterwards learned had no means of any kind to hold it to the floor, and, the rug slipping, fell and was injured. Following *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229.

TORT for personal injuries. Writ dated October 19, 1925.

In the Superior Court, the action was tried before *Raymond,* J. Material evidence is stated in the opinion. A verdict for the plaintiff in the sum of $2,400 was recorded after leave had been reserved under G. L. c. 231, § 120. The judge afterwards ordered a verdict entered for the defendant. The plaintiff alleged exceptions.

*C. H. Dow,* for the plaintiff.

*K. C. Parker,* for the defendant.

FIELD, J. This is an action of tort for personal injuries alleged to have been sustained by the plaintiff by reason of a fall in the defendant's store, caused by the defendant's negligence. The case was tried by a judge and a jury.

The jury returned a verdict for the plaintiff. The judge then with the assent of the jury ordered the entry of a verdict for the defendant and the plaintiff excepted. The judge reported the case on the terms that if he "was wrong in the direction of the verdict for the defendant, judgment is to be entered for the plaintiff in the amount of verdict and costs, otherwise the verdict for the defendant is to stand."

The plaintiff's evidence tended to show that on September 12, 1924, she went to the defendant's store to buy a rug or rugs for her home and that as she was walking from the elevator to the part of the rug department where she wished to trade, and passing through a large, open space between racks and piles of rugs, used not only as a passageway for customers but also, nearer the racks and piles, as a place for showing rugs upon the floor, she stepped upon a small rug (about two feet wide and two and one half feet long) directly in her path and that it slipped from under her feet so that she fell and was injured.

The plaintiff testified that the floor was "very highly polished, slippery and glassy"; "that the rug slipped from under her feet as if she was stepping on a piece of glass with a rug over it, it was so slippery"; that "the floor did not have the appearance of being the ordinary polished floor"; that "it was the most highly polished floor that she had ever seen and was positively glassy in appearance"; and that salesmen who came to her assistance after she fell slipped as they came near her and had difficulty in keeping their feet. There was testimony from witnesses for the defendant that the floor was a "hardwood floor laid in narrow strips"; that it was last polished in the preceding May and June; that the workmen "did the best job of polishing they could"; and that "pulling rugs across the floor all the time tends to repolish it every time the rugs are pulled across it."

According to the plaintiff's testimony she had taken "perhaps four or five steps" from the elevator when she noticed the slippery condition of the floor. She testified that "it was a well-known fact that a small rug upon a smooth floor is apt to slip." She walked about twenty

feet from the elevator, then turned to the left and took several steps before the accident happened. She "could have avoided walking on . . . [the rug in question] by going a foot out of her way."

After the accident the plaintiff, as she testified, "noticed that there was nothing, 'No anchor' or means of any kind to hold it [the rug] to the floor."

If it was found, as the evidence fully warranted, that the plaintiff was in the store by the invitation of the defendant as a customer, the defendant owed to her the duty to use reasonable care to keep the premises in safe condition for her use as a customer, or at least to warn her against any dangers attendant upon this use which were not known to her or obvious to any ordinarily intelligent person and either were known or in the exercise of reasonable care ought to have been known to the defendant. *Kennedy* v. *Cherry & Webb Co.* 267 Mass. 217, 219. *Shaw* v. *Ogden,* 214 Mass. 475, 476. *Kelley* v. *New York Central Railroad,* 255 Mass. 124, 127.

The evidence did not warrant the finding that the defendant failed to perform this duty. The case is not distinguishable from *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229, where it was held that a woman who was injured through slipping on a light rug on a polished floor in a bedroom in the defendant's club house could not recover damages for the reason that she "knew all the conditions of which she complains" and "appreciated and voluntarily assumed the risk of any accident which naturally attached to the condition she observed, and by assenting negatived the existence of any duty on the part of the defendant to warn her of such dangers." The plaintiff in that case knew that the floor "was slippery, the 'slipperiest floor' she ever saw," and "knew that light rugs when stepped on may be expected to slip on slippery floors." No means or device was used to keep the rug from slipping. Pages 231, 232. There is no significant difference between the evidence in the two cases as to the slippery conditions of the floors, or as to the knowledge of the respective plaintiffs of those conditions, of the likelihood of small or light rugs slipping

on polished floors and of the facts with respect to the use of means or devices to prevent rugs slipping. The principle of the *Kitchen* case is applicable as fully to a room in a store which is devoted to the sale of rugs and to the display of them on a polished floor as to a bedroom in a club house. It did not appear in either case that the plaintiff before the accident knew that no means or device was used to keep the rug from slipping, nor, on the other hand, that she believed or had reason to believe that any means or device was used for that purpose. See also *Miner* v. *Connecticut River Railroad*, 153 Mass. 398, 402, 403; *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 159; *Chilberg* v. *Standard Furniture Co.* 63 Wash. 414.

The plaintiff's exception must be overruled and, in accordance with the terms of the report, the verdict for the defendant is to stand.

*So ordered.*