NESTER PETERSON vs. EMPIRE CLOTHING COMPANY.

CORINNE PETERSON vs. SAME.

Essex.    December 3, 1935. — February 24, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, Store.

That the proprietor of a store kept the floor obviously shellacked and
polished in the usual manner showed no negligence toward a customer
injured by slipping upon it.

TWO ACTIONS OF TORT. Writs in the District Court of
Eastern Essex dated July 20, 1934.

Upon removal to the Superior Court, the actions were
heard without a jury by *Morton*, J., who found for the de-
fendant in each action. The plaintiffs alleged exceptions.

*M. E. Goldberg*, for the plaintiffs.

*John J. Sullivan*, (*W. I. Badger* with him,) for the de-
fendant.

CROSBY, J.    These actions of tort were tried together
before a judge of the Superior Court. The plaintiff Corinne
Peterson, who will hereinafter be called the plaintiff, seeks
to recover for personal injuries received by her when she
slipped on a floor in the defendant's store and fell down
five or six steps. Her husband, the plaintiff Nester Peter-
son, seeks to recover consequential damages resulting from
her injuries.

The plaintiff testified that on November 10, 1933, she
went into the defendant's store to purchase a dress, and
walked up to the second floor; that there was a large rug
in the center of that floor "with reels and racks of dresses,
and surrounding the rug a strip of bare wood flooring";
that she went over a part of the rug to examine some
dresses, then turned to go down stairs, and as she stepped
off the rug onto the floor and reached for the banister rail
"the floor seemed to go right out from under" her, "and

she fell down the stairs to the next landing"; that on getting up she observed that the floor where she slipped was of two colors, a light tan in the center with a dark shiny surface on both sides; that she did not observe anything else except a skid mark that had been made by her heel on the shiny part of. the floor. She testified on cross-examination that it was her first visit to that department; that before the accident she did not notice that the floor was slippery; that the strip of bare floor between the rug and stairway was about three feet; that she was reaching for the banister when she slipped and fell down five or six steps. Other witnesses called by the plaintiffs testified in substance that the floor at the head of the stairs where the plaintiff fell was highly polished and very slippery. There was testimony from one Lane, called by the plaintiffs, that, in the month of September or October before the plaintiff fell, he put two coats of shellac on this floor; and that the method he employed was the customary method on store floors. There was other testimony that nothing had been done to the floor after this shellac was so applied up to the time of the accident.

At the close of the evidence each plaintiff presented certain requests for rulings and findings. Thereafter the trial judge found the following facts: "The plaintiff, Corinne Peterson, was legally upon the second floor of the defendant's premises as an invitee. Upon the floor were some rugs. Between the rugs and the staircase which came up from the first floor was a strip of wood three to five feet in width. This wood had been shellacked some months previously, was somewhat polished and slippery, and, to some extent, dangerous for customers using it without using proper care. This condition was obvious to and known to the plaintiff as well as to the defendant. The plaintiff walked off one of the rugs, took a step or two across the bare floor toward the stairway, at the same time reaching for the banister rail. Before she took hold of it her foot slipped on the floor and she fell down the stairway, receiving injuries." The judge ruled that "the plaintiff took the premises as they were and that the defendant was under

no obligation to change them or to warn the plaintiff of an obvious dangerous condition." He found that the plaintiff fell because of failure on her part "to realize the condition and take reasonable steps to avoid falling, and [that her accident] was not due to any negligence on the part of the defendant." The judge further stated: "I am not able to find from the evidence that there was anything within reason which the defendant could have done which would have prevented the plaintiff from falling." All the plaintiffs' requests for rulings which were inconsistent with the foregoing findings were refused. The finding was for the defendant in both cases. To the foregoing findings, rulings and refusals to rule the plaintiffs excepted.

The evidence warranted a finding that the plaintiff was in the defendant's store by the invitation of the defendant. If while there she was injured owing to negligence of the defendant she is entitled to recover. The evidence did not warrant a finding that the fall of the plaintiff and the injury which she sustained by slipping and falling upon the floor were caused by any negligence of the defendant. She testified, on cross-examination, that she did not notice that the floor was slippery before the accident, but that she could clearly see the surface of the floor. There was no evidence to show, nor is it contended by the plaintiffs, that the floor was improperly constructed or that it was out of repair. There was no evidence that the two coats of shellac, which were placed upon the floor some time previous to the plaintiff's accident, were improperly applied, or that before the floor was shellacked the resurfacing of it with a rotary electric sander was a negligent act. Nor was there evidence that the shellac was applied to the floor in an unusual or improper manner. There was no evidence of the negligence of the defendant. The case is governed in principle by *Kitchen* v. *Women's City Club of Boston*, 267 Mass. 229, and *Crone* v. *Jordan Marsh Co.* 269 Mass. 289. Cases in other jurisdictions upon similar facts have reached the same result. *Garland* v. *Furst Store*, 93 N. J. L. 127. *Abt* v. *Leeds & Lippincott Co.* 109 N. J. L. 311. *Diver* v. *Singer Manuf. Co.* 205 Penn. St. 170. *Spickernagle* v. *Woolworth*,

236 Penn. St. 496. *Kipp* v. *F. W. Woolworth & Co.* 150 App. Div. (N. Y.) 283; *S. C.* 206 N. Y. 628.

The trial judge's rulings and refusals to rule and his findings and orders fail to show any error. In each case the exceptions are overruled.

*So ordered.*