James J. McGuire *vs.* The Valley Arena Incorporated.

Hampden.   September 23, 1937. — February 2, 1938.

Present: Field, Donahue, Lummus, & Qua, JJ.

*Negligence*, One owning or controlling real estate.

A finding was not warranted of negligence of the proprietor of a hall used for an athletic exhibition toward a patron injured by falling on a polished floor, the condition of which was obvious to an ordinarily intelligent person.

TORT. Writ in the Superior Court dated December 8, 1933.

A verdict for the plaintiff in the sum of $1,010 was returned before *Donnelly*, J. The defendant alleged an exception.

*V. J. Panetta*, for the defendant.

*H. A. Moran*, for the plaintiff.

FIELD, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff as a result of falling on a slippery floor on the defendant's premises. There was a verdict for the plaintiff. The case comes before us on the defendant's exception to the denial of its motion for a directed verdict.

The denial of this motion was error.

There was evidence that the plaintiff, while attending with his wife and friends a wrestling exhibition on the defendant's premises — known as the Valley Arena — to which he had paid admission, slipped and fell on a very slippery wooden floor, which had been waxed and polished and was covered with sawdust. It could have been found — indeed it is not controverted — that the plaintiff was a person to whom the defendant owed the duty of care owed to a business visitor. See *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 291. In the case of a floor such as is described in the evidence this duty would be performed by giving adequate warning of its dangerous condition. But the defendant owed no duty to the plaintiff to warn him that the floor was slippery if its condition was obvious to any ordinarily intelligent person. *Kitchen* v. *Women's City Club of Boston*, 267 Mass. 229. *Crone* v. *Jordan Marsh Co.* 269 Mass. 289. *Peterson* v. *Empire Clothing Co.* 293 Mass. 447. On the plaintiff's testimony, by which he is bound since on this point there is no evidence more favorable to him, the condition of the floor was obvious to him. And there was no evidence that it was not obvious to other persons. In these circumstances no breach of duty by the defendant constituting negligence is shown. The case is governed by the cases already cited. It is distinguishable from cases like *Blease* v. *Webber*, 232 Mass. 165, *Blake* v.

*Great Atlantic & Pacific Tea Co.* 266 Mass. 12, *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, *Trottier* v. *Neisner Brothers, Inc.* 284 Mass. 336.   This decision rests, not on contributory negligence of the plaintiff, but, rather, on his failure to prove negligence of the defendant.

> *Exceptions sustained.*
> *Judgment for the defendant.*