EDITH A. SILVER vs. BENJAMIN CUSHNER & others,
trustees.

Suffolk.    April 9, 1937. — June 29, 1938.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Landlord and Tenant*, Common stairway, Landlord's liability to member
of tenant's family. *Negligence*, One owning or controlling real estate,
Contributory, Assumption of risk. *Practice, Civil*, Exceptions: con-
struction of bill; Pre-trial report. *Evidence*, Presumptions and burden
of proof.

A finding was warranted that negligence of a landlord in control of en-
trance steps used in common by tenants in a two family house caused
injury to a member of the family of one of the tenants who fell on
ice formed thereon from water discharged from a drain pipe which
to the landlord's knowledge became defective after the tenancy began
and a year before the injury.

Where a bill of exceptions contained nothing to show that the action
was not tried in accordance with a pre-trial report annexed thereto,
this court dealt with the case on the basis that matters conceded and
admitted in the report were true.

In an action of tort against a landlord for personal injuries, assumption
of risk by the plaintiff is an affirmative defence which the defendant
must set out specifically in his answer and of which he has the burden
of proof.

Evidence, merely that a member of a tenant's family, seeing ice which
was on common entrance steps through the landlord's negligence,
chose to go over the steps instead of taking time to use another exit
or to procure ashes or salt for the ice, did not require a finding either
that he assumed the risk of an injury caused by his slipping on the ice,
or that he was guilty of contributory negligence.

TORT. Writ in the Superior Court dated May 26, 1933.

Before *Greenhalge*, J., a verdict was returned for the
plaintiff in the sum of $1,200. The defendants alleged
exceptions.

*R. J. Walsh*, for the defendants.

*J. B. Abrams*, (*H. Illman* with him,) for the plaintiff.

FIELD, J. This is an action of tort to recover compen-
sation for personal injuries sustained by the plaintiff by
reason of the alleged negligence of the defendants. The

answer was general denial and contributory negligence. There was a verdict for the plaintiff. The case comes before us on the exception of the defendants to the denial of their motion for a directed verdict.

The defendants contend that the motion should have been granted on the ground (a) that the evidence did not warrant a finding of negligence on the part of the defendants, or (b) that the plaintiff as matter of law was barred from recovery because she was not in the exercise of due care, or assumed the risk of injury. There was no error in the denial of the motion.

The evidence tended to show that the plaintiff, a girl sixteen years old at the time of the accident, lived with her parents in the upper story of a two-family house. Her father was a tenant at will, paying rent from month to month, and her family had lived in the house about four years before the accident. The front entrance of the house was used in common by both families occupying the house. It consisted of a passageway or steps, the upper steps being of wood and the five lower ones of concrete. The plaintiff, about eight or eight-thirty o'clock in the morning, when on her way to school, fell and broke her leg as a result of slipping on the next to the lowest concrete step. That step and the step below it were covered with ice about a quarter of an inch thick. The evening before the accident water was running "in a stream" "about a foot wide" across the two lowest steps from a leak in a drain pipe which had existed about a year. It was admitted that "due notice was received by the defendants of the time, place and cause of the accident." See G. L. (Ter. Ed.) c. 84, § 21.

1. A finding was warranted that the plaintiff sustained personal injuries as the result of the negligence of the defendants.

The plaintiff must recover, if at all, on the familiar principle that, in the absence, as here, of express agreement, a landlord owes a duty — breach of which would constitute negligence — to a tenant, and to persons using the premises in his right, to exercise reasonable care to keep the

part of the premises remaining in the control of the land-lord in the condition with respect to safety in which they were, or to a person of ordinary observation would appear to be, at the time of the letting. *Goldsmith* v. *Ricles*, 272 Mass. 391, 396. *Wynn* v. *Sullivan*, 294 Mass. 562, 565. The inference was warranted that the plaintiff was using a common stairway, in the right of her father, a tenant at will of the premises, and that her injury was sustained by reason of an unsafe condition of the part of the prem-ises under the control of the landlord. The sole conten-tion of the defendants on this branch of the case is that the evidence fails to show that the unsafe condition of the premises arose between the time the tenancy of the plaintiff's father under the defendants began and the time the accident occurred.

A pre-trial report is annexed to the bill of exceptions. The bill of exceptions states, however, that except for a reference to this report by counsel for the plaintiff it "was not referred to or offered in evidence at the trial." But there is nothing in the bill of exceptions to show that the case was not tried in accordance with the pre-trial report. *Finegan* v. *Prudential Ins. Co.*, *ante*, 147, 148. Compare *Capano* v. *Melchionno*, 297 Mass. 1, 14–15. It must be taken that the case was tried in accordance therewith (*Eckstein* v. *Scoffi*, 299 Mass. 573, 576), and that the mat-ters therein conceded or admitted were established as true. The "Concessions or Admissions" therein included the following: "The defendants owned the property where the accident happened. . . . The plaintiff's parents occu-pied the premises on the second floor under a tenancy-at-will." Ownership of the premises by the defendants, there-fore, was established, at least as of the time when the accident occurred.

The plaintiff's mother testified that "the drain pipe was in good condition" when she moved into the house — about four years before the accident — and that "she lived in the house for three years and the drain pipe was all right and just about a year before the accident it developed a leak." She also testified that "about a year before the accident

the drain pipe started leaking and she had a talk with the landlord," and that the landlord was "Mr. Singer," the man who came to collect the rent and to make the repairs. William Singer, as one of the trustees of the Seaver Investment Association, was one of the defendants. In view of the admitted ownership by the defendants at the time of the accident, a finding was warranted that the premises were owned by them at the time the leak in the drain pipe developed and for an appreciable period before, and that the plaintiff's father became a tenant of the premises under the defendants before the leak developed. *Sordillo* v. *Fradkin*, 282 Mass. 255, 257. There was evidence that the defendants had notice of the leak about a year before the accident. It could have been found, therefore, that the defendants failed to exercise reasonable care to keep the premises in as safe a condition as they were in at the beginning of the tenancy. See *Marquis* v. *John Nesmith Real Estate Co., ante,* 203, 206.

2. It could not have been ruled as matter of law that the plaintiff was barred from recovery on the ground that she was not in the exercise of due care or had assumed the risk of injury. Contributory negligence and so called voluntary or noncontractual assumption of risk are closely related. The burden of proof in either aspect was on the defendants. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 435–437.

The plaintiff testified to these facts: In "wintertime when the temperature was at freezing point the two stairs and the passageway would freeze right up and it would be very dangerous." She was coming down the steps and was on the step above the two steps covered with ice when she "noticed the ice . . . came to a stop when she saw the ice . . . [and] knew the ice was slippery." She had on overshoes over her shoes. "There were no ashes on the ice and no rail on the steps . . . she could have gone out through the other entrance if she had taken the time to do so . . . she couldn't have got ashes nor have gotten salt to put on the ice . . . there was salt in the house but she was late for school although she was not in a hurry . . . she had just enough time to get to school so that she

didn't have time to go back to the house to get salt or anything . . . it would have taken her time to go back to the house to get salt or ashes . . . she had made it over the ice many mornings and . . . she didn't even think about going back to the house to get anything to put on the ice . . . she didn't even think of falling on the ice although she knew it was slippery and . . . rather than go and do anything or get anything to put on the ice she was willing to take the chance of going over the ice."

There is nothing in this evidence to show that the plaintiff was negligent or assumed the risk of injury, unless on the ground that she should not have attempted to use the steps in the slippery condition shown, but should have used another available means of egress or should have put ashes or salt on the steps. However, a ruling for the defendants could not rightly have been made on these grounds.

The plaintiff was using the steps as contemplated by the letting. That they were not reasonably safe for such use could have been found to have been due to a breach of the defendants' duty to the plaintiff's father as tenant and to the plaintiff occupying the premises in his right, that is, to the defendants' negligence. The case in this respect differs from the cases of *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229, *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, and *Peterson* v. *Empire Clothing Co.* 293 Mass. 447, relied on by the defendants, where there was no evidence of negligence on the part of the defendant. See also *McGuire* v. *Valley Arena Inc.* 299 Mass. 351. The assumption of risk referred to in those cases was the so called contractual assumption of risk, which negatives the existence of duty on the part of a defendant. See *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229, 232; *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 291; *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432. In the present case it could have been found that there was no such assumption of risk since, as already pointed out, it could have been found that the danger did not exist at the beginning of the tenancy.

Moreover, the evidence binding on the plaintiff did not require a finding that, in the circumstances shown, she

voluntarily assumed the risk of injury from a danger which arose, after the beginning of the tenancy, from the negligence of the defendants. Indeed, such assumption of risk was not pleaded by the defendants. See *Oswald* v. *Donohue,* 215 Mass. 574, 575. And the ruling of the trial judge cannot be reversed if correct on the pleadings. *Auburn State Bank* v. *National Laundry Co.* 289 Mass. 397, 398. But since, on the evidence in this case, this defence and that of contributory negligence are closely related, if not identical (see *Hietala* v. *Boston & Albany Railroad,* 295 Mass. 186, 189–191), we consider the matter at large on the issue of contributory negligence.

It was said — with citation of numerous cases — in *Frost* v. *McCarthy,* 200 Mass. 445, 448, an action of tort for injuries sustained by the plaintiff from slipping on a step, that "The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation. It is hard to conceive of anything more universally known to be plainly liable to cause a person to slip than ice, yet it has not infrequently been held that knowledge of the presence of ice on the part of one attempting to pass over it, sometimes even when there is another way open, is not such evidence of negligence as to warrant the court in ruling as a matter of law that the person injured by the attempt to get over the slippery place is precluded from recovery by negligence." This language is applicable to the present case. The testimony of the plaintiff that the steps were "very dangerous," considered in the light of her other testimony, did not as matter of law require the conclusion that in attempting to pass over them she displayed "want of such prudence as the ordinarily careful person would use in a like situation." "Mere knowledge that some danger exists is not conclusive of the negligence of one who fails to avoid it." *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50.

*Exceptions overruled.*