EVELYN REGO *vs.* SAGAMORE MANUFACTURING COMPANY.

Bristol.    November 29, 1939. — February 28, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence, Factory.*

No negligence of the proprietor of a mill was shown toward one who for three weeks had been learning weaving in the mill and who sustained injuries thereafter through slipping on a floor, wet during mopping which he knew was being done and which was not shown to have been done in an unusual or improper manner.

TORT.    Writ in the Superior Court dated March 9, 1934.

Before *Sheehan,* J., a verdict was returned for the plaintiff on the first count of the declaration, based on alleged negligence, in the sum of $2,000. The defendant alleged exceptions.

The case was submitted on briefs.

*H. F. Hathaway*, for the defendant.

*W. A. Torphy & J. P. McGuire, Jr.*, for the plaintiff.

QUA, J. The plaintiff, according to her testimony, after spending three weeks in a weave room of the defendant's cotton mill, learning to weave under the instruction of a "relative" who was employed as a weaver, slipped upon the floor, which was wet from a recent mopping, and in trying to "hold her balance" got her hand caught in the gears of a loom. The negligence alleged and relied upon was the slippery condition of the floor.

The plaintiff was not an employee and was under no contract. It is a doubtful question whether there was any evidence that she was more than a licensee, permitted to learn wholly for her own benefit. However, we assume this point in the plaintiff's favor and pass to the further question whether there was any evidence of the defendant's negligence.

The plaintiff's own testimony was, in substance, this: One of the looms stopped. The plaintiff and her "relative" went "into an alley to get in back of the looms." As the plaintiff walked out she saw "the scrubber called 'Zip' in the alley two alleys away." The plaintiff and her relative were back of "the loom" fixing it for about two minutes. They then "started back to the front of the loom." "Zip" was "two alleys away going away from the alley." As the plaintiff "stepped into the alley," she slipped. The plaintiff observed the condition of the floor. There was a puddle of water in front of her with grease on it. The plaintiff saw no sign and no one said anything to her with reference to the condition of the floor. She slipped on a puddle of water that was not in the alley when she went there to fix the loom. When she left the front of the loom she saw the scrubber mopping the floor with a mop and a pail and water. She knew the floor was wet and might be slippery. He was mopping a big piece. He did not wash a little place and then mop it up. He had not mopped it up and was not mopping it up. She did not remember "seeing 'Zip' the scrubber washing the floor at other times but he may have."

When "he was washing the floor there at other times she saw the red sign, but on the day of this accident she didn't see any sign at all." Other evidence in the case added nothing of value to the plaintiff.

We think the evidence insufficient to warrant a finding that the defendant was negligent. Washing the floor would seem to be a natural incident of the operation of a cotton mill. The defendant was not bound to desist from washing its floor while the plaintiff was learning to weave. The evidence falls short of showing that the washing was done in any unusual or improper manner. Although it may be that the scrubber could have wet a smaller area at a time, it does not appear that the area which he did wet at one time was unreasonable or that he left the floor wetter, or wet for a longer time, or otherwise in any different condition from that which would commonly come about through the ordinary everyday process of mopping a floor. The size of the "puddle" does not appear. It would be strange if there were not some oil on the floor of a weave room filled with looms. There was no evidence of negligence in failing to warn the plaintiff. It is plain from her testimony that she knew the floor was being mopped and could see its condition and judge of its slipperiness. Even if the "red sign" was missing, she knew all that any sign could have told her.

The case is distinguishable from one where an invitee coming into a store, a theatre, or other place to which the public is invited suddenly falls a victim of an unusual and unexpected danger of which he has not been warned. *Judson* v. *American Railway Express Co.* 242 Mass. 269. Here the plaintiff had been in the weave room three weeks, and the defendant could assume that she was thoroughly familiar with the operations carried on there, the nature of the floor, and the probable effect of water upon it, and she knew that there was water upon it. See *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202, 204.

A verdict should have been directed for the defendant. *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229. *Crone* v. *Jordan Marsh Co.* 269 Mass. 289. *Peterson* v. *Em-*

*pire Clothing Co.* 293 Mass. 447. *McGuire* v. *Valley Arena Inc.* 299 Mass. 351. *Callaghan* v. *R. H. White Co.* 303 Mass. 413, 415–416.

*Exceptions sustained.*
*Judgment for the defendant.*