Donovan, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries which she alleges she sustained as a result of the'slipping of a rug across which she was walking, causing her to fall downstairs while leaving certain premises controlled by the defendants.
The defendants, in compliance with the plaintiff’s demand therefor, produced at the trial the rug “that figured in the accident. ” “ The plaintiff could not say whether the rug produced was the rug in question or not because she was at the location (where the accident happened) only once.” The rug’ thus produced was spread out upon the floor of the trial court room over an area about 10,or 12 feet from the chair of the judge who made no examination of the rug, “except so far as it might be seen from his position as he presided at the trial. ’ ’
*227 The report recites that counsel for the plaintiff ‘ ‘ demonstrated with the rug and called the court’s attention to the rug” but the report does not disclose the manner in which the demonstration was made, nor the purpose or result thereof, nor the purpose for which counsel for the plaintiff called the court’s attention to the rug*.
During the course of the trial the court, in six separate instances, admitted certain evidence, offered by the plaintiff, against the objection of the defendants and in each such instance the defendants duly requested a report thereof to this division.
At the conclusion of the trial the defendants seasonably filed three written requests for rulings of law. The court denied request No. 1, granted request No. 3, and denied request No. 2, copy of which is as follows:— “2. There is no evidence in this case which as a matter of law would warrant a finding of negligence,” and in connection with said denial the court made and filed the following memorandum: — ‘‘Inapplicable as I find on the facts that the defendants permitted a rug to be placed upon the landing of the defendants’ premises commonly used by office visitors, which was of a light and dangerous material for travel upon the marble substructure and that the plaintiff was injured thereby. ’ ’
The court found for the plaintiff.
On the evidence most favorable to the plaintiff, including the evidence admitted against the defendants’ objection, the court could have found that on Monday, September 21,1942, at about 2 p. m., the plaintiff accompanied one Mrs. Marshall to the office of a doctor located in the premises owned or controlled by the defendants; that it had been raining; that when the plaintiff entered the defendants’ premises the weather was cloudy and that she carried an umbrella and a hand bag in her hand; that the floor just inside the entrance of the defendants’ premises was of *228 marble with four marble steps going up to a landing with a marble floor, in area about 50 feet by 20 feet, extending back to the doctor’s office with a cotton or woolen rug about 5 feet long and 3 feet wide lying on the marble floor of this area, about 2 or 3 inches from its outer edge; that the plaintiff noticed this rug and its position on the floor of said area while on her way into the doctor’s office; that said rug had been placed in that position on the previous day to prevent the tracking* of mud into the defendants’ premises'; that when leaving the defendants’ premises the plaintiff had hold of the left arm of Mrs. Marshall who, with her right hand had hold of the hand railing; that when the plaintiff had taken two or three steps across the rug it slipped several inches under her, causing her to fall; that while falling she turned her head and hit the doorstop at the bottom of the four marble steps and was knocked out; that cotton rugs placed upon a marble floor act as a sled; that there is for sale in the open market a material made of rubber, or- cotton impregnated with rubber and netting, which can be placed under such rugs to keep them from slipping.
These findings if made would not, and do not, in law, warrant a finding of negligence on the part of the defendants.
“The presence of throw rugs upon a polished floor (in the instant case there was no evidence that the marble floor upon which the rug was placed was polished) is' not negligence.” Gibbons v. Harris Amusement Co., 109 Pa. Super. Ct. 484.
It is common knowledge that it isl a common practice to place throw rugs of varying material upon floors, including highly polished floors, without anything to anchor the rugs to the floor, and that only reasonable care in such circumstances is required to avoid a fall. Where as here, the plaintiff, prior to her fall, and while on her way to the *229 doctor’s office, had opportunity to, and did, observe the rug and its position on the floor, it cannot be said that as a matter of law in the circumstances here appearing, the slipping of the rug was the result of any fault on the part of the defendants. Cutro et al., Appellants, v. Scranton Medical Arts Building, 329 Pa. 382. Kitchen v. Women’s City Club of Boston, 267 Mass. 229. Crone v. Jordan Marsh Co., 269 Mass. 289.
There was no evidence to warrant the finding made by the trial judge that the rug involved in this case “was of a . . . material dangerous for travel upon the marble substructure.” A rug whether of cotton or wool and even though light in weight, as are throw rugs in general, cannot, as a matter of law, be said to be of dangerous material for travel across or upon it.
The defendants’ request No. 2 for ruling of law should have been granted. The court’s denial of said request was error prejudicial to the defendants ’ rights.
In the light of what we have here said it is unnecessary to pass upon any of the remaining questions'of law raised by the report.
Finding for plaintiff vacated.
Judgment for defendants to be entered.