Nash, J.
This is an action of tort in which the' plaintiff seeks compensation for injuries sustained because of the alleged negligence of the defendant in failing to warn her or to erect a barrier on the edge of a parking space where the defendant was conducting a war bond sale and style show, as a result of which the plaintiff tripped over a curbing and fell into a ditch. The answer was a general denial and plea of contributory negligence.
There was evidence tending to show and the trial judge found that the plaintiff responded to a newspaper invitation by the defendant to the public to attend without charge a style show and helicopter landing at a parking area in the rear of the defendant’s store in Belmont during the afternoon of August 29, 1944. The parking area, containing 30,000 square feet, was under the exclusive control of the defendant on this afternoon. A platform had been built *17 by the defendant in the parking area. On this platform the style show was being conducted. While the style show was in progress the plaintiff in a crowd of four or five hundred people were being forced back from the platform by police officers hired for the occasion by the defendant. There was no negligence on the part of the police officers in moving the crowd including the plaintiff back from the platform. The plaintiff, at the rear of the crowd, was being forced back with them when she came in contact with a wooden curbing erected at the very edge of the parking lot, and fell backwards over the curbing which was in good repair into a ditch several feet deep and was injured. The ditch was not on the parking area but immediately adjoining it. The wooden curb was so located for the convenient parking of automobiles though none were in the 30,000 square feet area that afternoon. There were five or six thousand people in the surrounding streets present for the same purpose as the plaintiff. Prior to the accident the plaintiff had not been aware of the presence of the ditch. The trial judge also found that the plaintiff was a business visitor of the defendant on the afternoon of the war bond sale and style show, that the ditch was a source of danger and was known to exist by the defendant or its agents or by exercising reasonable diligence they should have known of its existence; that the ditch was not obvious to nor to be expected by an ordinarily intelligent person under the circumstances; that it was the kind of danger which the defendant might expect would cause an accident and would have warned or provided against by the erection of a fence or suitable barrier; and that failure to do so was negligence.
The trial judge found for the plaintiff and assessed damages in the sum of $341.00.
The defendant seasonably filed eight requests for rulings. The trial judge granted the fourth, fifth and sixth but denied the first, second, seventh and eighth.
*18 The first request of the defendant was as follows:
“The evidence warrants a finding for the defendant.”
In denying this request the trial judge in effect made the ruling that as a matter of law the evidence required a finding for the plaintiff; and unless such a request has been rendered immaterial by special findings of fact it is the same as ruling that as a matter of law a finding for the defendant could not have been made on the evidence. Bresnidk v. Heath, 292 Mass. 293, 298. Rummel v. Peters, 314 Mass. 505, 517. Hoffman v. City of Chelsea, 315 Mass. 54, 55.
The question as to whether the ditch was an open and obvious defect of the existence of which the defendant was bound to warn the plaintiff or erect suitable safety barriers protecting her was a question of fact which the trial judge could have resolved either way and had he found no such responsibility on the part of the defendant there could have been no finding of negligence on the defendant’s part. Had he taken this view of the evidence a finding for the defendant would not only have been warranted but would have been required. Nor is there any evidence reported stating how long the ditch had been opened. This too might have been determinative of the defendant’s liability. There is also evidence that the plaintiff could have seen the ditch if she had looked. Even though the trial judge did make findings of fact which are set forth heretofore it does not appear from them that he at any time had in mind, the fact that if he had taken another view of them a finding for the defendant could have been made.
The trial judge was warranted in making a finding for the plaintiff by concluding on the evidence that the plaintiff was an invitee of the defendant, that the existence of the ditch was a danger that the defendant was legally obliged to have warned the plaintiff about or protected bim from, and that the plaintiff was free from contributory negligence and was injured as a result of the defendant’s negligence. *19 Kennedy v. Cherry & Webb Co., 267 Mass. 217, 219. Shaw v. Ogden, 214 Mass. 475, 476. Kelley v. New York Central Railroad, 255 Mass. 124, 127. Crowe v. Jordan Marsh Co., 269 Mass. 289, 291.
But the evidence was equally susceptible to the finding that the ditch in question was an open and obvious defect and that the defendant owed no duty to warn the plaintiff of its presence; that it should have been apparent to an ordinarily intelligent person and consequently the defendant was not negligent in his conduct towards the plaintiff. Lord v. Sherer Dry Goods, 205 Mass. 1. Kitchen v. Women’s City Club of Boston, 267 Mass. 229, 232. Crowe v. Jordan Marsh Co., 269 Mass. 289, 291. Peterson v. Empire Clothing Co., 293 Mass. 447, 449. McGuire v. Valley Arena Inc., 299 Mass. 351, 352.
We think the judge was in error when he refused this ruling and that the error was prejudicial. L. Grossman Sons, Inc. v. Martha E. Rudderham, Mass. Adv. Sh. (1946) 771, 772.
It is not necessary to consider the other requests for rulings. The finding should be vacated and a new trial ordered.