*Municipal Court of the City of Boston*

No. 339080

**MARGARET M. JOHNSON**

v.

**HILLCREST APARTMENTS, INC.**

(April 13, 1953)

*Barron, J.* This an action of tort to recover for injuries received, on or about September 13, 1950, in a building owned or controlled by the defendant.

There was evidence that the plaintiff became a tenant at will of the defendant *on or about September* 1, 1950, and that on September 13, 1950, while going down the outside stairway of the building in question to leave a key with the janitor of the defendant's apartment house, her foot caught on the edge of one of the cement steps leading down, which had been roughened by removal of the defendant's ash-barrels, throwing her onto the cement landing at the bottom of the stairs, which landing was covered by a rubber mat; in that there was debris under the mat; that the mat was humped up in the middle about three or four inches where she landed, and that because of the unevenness of the hump she was unable to retain her balance and fell, causing the injuries alleged. There was further evidence that the stairway led past the apartment of the janitor to the back stairway, which was used by all the defendant's tenants in order to get to the back doors of their respective apartments, and which was admittedly in the control of the defendant, whose janitor had general janitorial duties.

At the close of the trial and before the final arguments, the defendant made the following requests for rulings:

1. The evidence does not warrant a finding other than that the plaintiff was a mere licensee on that part of the premises where she fell, as alleged in her declarations.

2. If the plaintiff was only a mere licensee on that part of the premises where she allegedly fell, then as a matter of law the defendant is liable to the plaintiff only for the wilful and wanton misconduct or active negligence.

3. The evidence does not warrant a finding that the defendant was guilty of wanton or wilful misconduct or that the defendant was actively negligent.

4. The evidence does not warrant a finding other than that part of the premises on which the plaintiff allegedly fell was a common stairway or passageway.

5. The evidence does not warrant a finding other than that the plaintiff first became a tenant of the defendant on

September 1, 1950.

6. The evidence does not warrant a finding other than that the plaintiff sustained her alleged injuries on September 13, 1950.

7. The evidence does not warrant a finding that there was any *change in the condition* of the common stairway or passageway on which the plaintiff allegedly fell between the time she became a tenant and the time of the alleged injury.

8. The evidence does not warrant a finding that the defendant was negligent.

The court denied all of the defendant's requests for rulings and found the following facts: "I find as a fact that on or about September 1, 1950 the plaintiff became a tenant of the defendant; that at the time of letting, a rubber mat lying at the base of a stairway in the control of the defendant was in such defective condition that it did not properly cover the floor upon which it was placed; that as the plaintiff was descending the stairs she caught her foot on one of them which caused her to slip on said rubber mat under which were certain newspapers making its surface very uneven whereby she sustained the injuries complained of." The court found for the plaintiff.

The defendant claims to be aggrieved by the refusal of the court to allow the defendant's requests for rulings. There was error in the denial of request No. 7. It is, therefore, not necessary to discuss the other requests. *There was no evidence as of September 1, 1950 as to the condition of the stairway upon which the plaintiff fell.* It was on this date that the plaintiff became a tenant at will of the defendant. There is nothing to indicate whether the edge of the step was rough on the date of the beginning of the tenancy and whether there was debris under the mat on said date. It is material whether these conditions existed on September 1, 1950 or developed thereafter. If there was no change in the condition of said stairway between the beginning of the tenancy and September 13, 1950, the day of the accident, then there

98

can be no recovery by the plaintiff. The defendant owed no duty to the plaintiff except to maintain the stairs in the same condition as they were in at the date of letting.

"The plaintiff must recover, if at all, on the familiar principle that, in the absence, as here, of express agreement, a landlord owes a duty — breach of which would constitute negligence to a tenant, and to persons using the premises in his right, to exercise reasonable care to keep the part of the premises remaining in the control of the landlord in the condition with respect to safety in which they were, or to a person of ordinary observation would appear to be, *at the time of the letting.*" *McDonald v. Yogel,* 1952 A.S. 1093, 1094; *Silver v. Cushner,* 300 Mass. 583, 584-585; *Donnelly v. Larkin,* 327 Mass. 287, 290.

Finding for plaintiff vacated
Judgment for the defendant.

Plaintiff's Attorney: Harry Sesnovich.

Defendant's Attorney: Badger, Pratt, Doyle & Badger.